287 So.2d 370 (1973)
STATE of Florida, ex rel. Richard Leon SHEPPARD, Relator,
v.
Honorable Harvie S. DUVAL, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Criminal Division, Respondent.
No. 73-1114.
District Court of Appeal of Florida, Third District.
December 21, 1973.
*371 Philip Carlton, Jr. and Rex Ryland, Jr., Miami, for relator.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for respondent.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
This is an original proceeding in prohibition. Relator, Richard Sheppard, filed in this court his suggestion for writ of prohibition contending that the lower court is without jurisdiction to proceed with the prosecution of relator and seeking an absolute discharge under Florida's speedy trial rule CrPR 3.191, 33 F.S.A. We issued a rule to show cause to respondent, Judge DuVal, who filed a response thereto. Thereafter, oral arguments of counsel were heard.
The salient facts are as follows: The relator was arrested on December 10, 1972 and charged with first degree murder. Pursuant to notice on February 22, 1973 the relator was prepared to argue his motion to dismiss on the grounds that Florida Statutes §§ 782.04, 775.082 and 921.141, F.S.A. are unconstitutional under the Florida and U.S. Constitutions. On that date an assistant attorney general appeared and moved that the trial judge certify the issues in the motion to dismiss to the Florida Supreme Court. Over the relator's objection, the trial judge on March 1, 1973 granted the motion to certify. Relator's counsel did agree to stipulate to the wording of the certified question. Subsequently, on July 31, 1973 the relator argued a motion to discharge pursuant to CrPR 3.191(a)(1), 33 F.S.A. The motion was denied and a trial date was set for September 10, 1973 which was reset to September 19, 1973. Thereupon, relator filed his emergency suggestion for writ of prohibition.
The question presented for our determination is whether the time limitations set forth in the speedy trial rule were tolled under the facts of the instant case.
*372 A defendant's right to a speedy trial is not violated where a valid reason exists for a delay of his trial. Esperti v. State, Fla.App. 1973, 276 So.2d 58. Further, the right to a speedy trial is a personal right which may be waived by the conduct of defendant or his counsel. State v. Earnest, Fla.App. 1972, 265 So.2d 397.
Turning to the case sub judice, the trial judge having decided to certify the issues raised in relator's motion to dismiss, could not rule on the motion until the Florida Supreme Court rendered its findings. See Oakford v. Oakford, Fla.App. 1963, 176 So.2d 563. Thus, the trial judge was warranted in properly not setting the case for trial until he could dispose of relator's motion to dismiss which raised constitutional questions. In addition, the record demonstrates that counsel for relator made it clear that he would not proceed with pretrial discovery until his motion to dismiss was ruled upon. In light of the above, we find that a valid reason existed for a delay of relator's trial. See CrPR 3.191(d)(2)(iv) and (f)(iv), 33 F.S.A.
We also noted that it was the relator's counsel who raised the constitutional issues and stipulated to the wording of the certified questions and then argued them before the Supreme Court. Again, we find that relator's right to a speedy trial which is personal was waived by these actions of his counsel. It was in the interest of both the defendant and the state for the trial of this case to be delayed until the Supreme Court answered the certified questions. We deem the following quote in State v. Earnest, supra, to be applicable to the case at bar:
"Defendant's attorney, being a competent professional in the field of criminal law, was fully qualified to understand and appreciate the importance of delaying the trial of this case ... The benefits which appellee stood to gain as a result of the delay of his trial in this case were self-evident. It would indeed be anomalous to hold under the circumstances here present that our system of administering criminal justice is such as would permit appellee to reap the full benefits of the delay of his trial . .. and thereafter to assert such delay as grounds for dismissing the charge against him merely because he was neither informed nor gave his express consent to the delay. To so hold would not only make a mockery of the law but would seriously impair the ability of our trial courts to dispatch in an efficient manner the crushing load of criminal cases pending in those courts ..."
For the reasons stated hereinabove, we hold that the trial court was correct in denying relator's motion for discharge.
Accordingly, the writ of prohibition is denied and the rule to show cause heretofore entered is dissolved.
It is so ordered.