294 So.2d 418 (1974)
STATE of Florida, Appellant,
v.
Clifford VINSON, Appellee.
No. 73-1070.
District Court of Appeal of Florida, Second District.
May 17, 1974.
*419 Joseph P. D'Alessandro, State's Atty., Louis S. St. Laurent, Chief Asst. State's Atty., and E.G. Couse, Asst. State's Atty., Fort Myers, for appellant.
Robert E. Pyle, Lake Alfred, and Frank C. Alderman, III, of Alderman, Hendry & Wallace, Fort Myers, for appellee.
GRIMES, Judge.
The State has filed an appeal from an order dismissing an information. Apprehensive that the time for speedy trial will have expired before this appeal has been decided, the State moved the trial court to extend the trial time for a period equal to the instant appeal, but this motion was denied. Absent an extension, the speedy trial period will expire on May 30, 1974. The State has now filed a motion asking this court to extend the time for trial to include ninety days following the final determination of the appeal.
In analogous situations, Rule 3.191(g), CrPR, 33 F.S.A., provides for an automatic ninety-day extension. If the question were squarely presented to us, we would construe the rule to encompass the reversal of an order dismissing an information. Cf. State ex rel. Sheppard v. Duval, Fla.App.3d, 1973, 287 So.2d 370. In State v. Williams, Fla.App.2d, 1973, 287 So.2d 415, we suggested that until such time as the wording of the rule was settled, prosecutors might wish to move for an extension of time pending the outcome of the appeal. The State pursued such an approach in this instance without success.
There was no way in which the State could now appeal from the denial of its motion. State v. Smith, Fla. 1972, 260 So.2d 489. Moreover, the failure to petition for certiorari could not be deemed to constitute a waiver of any error which may have been committed. Cf. Gulf Cities Gas Corporation v. Cihak, Fla.App.2d, 1967, 201 So.2d 250. Nevertheless, we are reluctant to take it upon ourselves upon an original motion to enter an order extending the time because the rule contemplates that this is a matter to be handled at the trial level. Therefore, the State's motion is denied without prejudice to the filing of a new motion for extension of time to be considered pending this appeal by the trial court in the light of this opinion. If the motion is once again denied, the State will have done about all it can do. Then, if the order dismissing the information is ultimately reversed and the appellee obtains a discharge by reason of the failure to have a speedy trial, the State will have preserved its position and can appeal the order of discharge.
MANN, C.J., and McNULTY, J., concur.