299 So.2d 136 (1974)
STATE of Florida, Petitioner,
v.
Stuart CLYDE, Respondent.
No. 74-297.
District Court of Appeal of Florida, Second District.
August 21, 1974.
James T. Russell, State's Atty., Clearwater, and Larry R. Bergman, Asst. State's Atty., St. Petersburg, for petitioner.
Robert W. Holman of Hammond & Holman, Pinellas Park, for respondent.
BOARDMAN, Judge.
This criminal case is before the court on petitioner's State of Florida, petition for writ of certiorari.
The posture of the pleading is that the state filed an amended information alleging that the respondent, Stuart Clyde, a county official, violated Section 811.021, Florida Statutes, in that he allegedly stole a typewriter of value in excess of $100. *137 Respondent, through his attorney, moved to dismiss the information assigning as grounds, inter alia, that he was not a county official within the meaning of Section 932.465(3), Florida Statutes, and, consequently, the statute of limitations had run. If the respondent is not a county official, the prosecution is barred by the statute, supra, otherwise, it is timely filed. After hearing in the county court, the trial judge ruled that the defendant was not a county official as a matter of law as he didn't hold office for a fixed term of years. The effect of the ruling was to dismiss the action against the respondent. The state filed its appeal to the circuit court, sitting in an appellate capacity. After hearing, the circuit court judge entered an order affirming the trial court's ruling. The order, in pertinent part, provided:
This Court, upon review of the record on appeal, concludes that, as a matter of law, the defendant was not a public official within the provisions of F.S. 932.465(3).
Accordingly, upon the established principle that a final order, if correct, can be supported on appeal on grounds other than those assigned by the lower court, said decision is hereby affirmed.
We readily agree with that part of the order, supra, that states an affirmance of the ruling of the trial court is appropriate if the trial judge's ruling was incorrect in one particular finding, but the ruling is correct and proper on other grounds or reasons.
After a review of the record, in deference to the circuit court judge, we are constrained to disagree with his ruling. We are cognizant that our review in cases of this nature is limited to a determination of whether the judge exceeded his authority or otherwise departed from the essential requirements of law and recently we have upheld the ruling of a circuit court judge sitting as an appellate judge. Dasher v. State, Fla.App.2nd, 1974, 291 So.2d 116. Our decision not to do so in the case sub judice is based solely on the premise that essential requirements of law were not followed. We have been unable to glean from reading this record and determine as a matter of law that Clyde, as Superintendent of Building Maintenance of Pinellas County, was or was not a county official within the province of the statute.
No very satisfactory legal definition of "official" appears in case law. Accordingly, each case has been considered largely on its own merits applying certain criteria. Such criteria may consist, in whole, or part, of whether: the position holder was elected or appointed; the position was established by constitution, statute, charter or ordinance; the position involves continuous exercise of public power, trust or duty; the position requires an oath or bond; as well as other factors that may be pertinent in a given case. Mullen v. Clark County, Nevada, Nev. 1973, 511 P.2d 1036; State ex rel. Carson v. Wood, 1970, 154 W. Va. 397, 175 S.E.2d 482.
The respondent may very well not be a county official, but, in the present status of the case, and in the light of the record here, we cannot decide that issue. Nor, in our opinion, could the circuit court, sitting in an appellate capacity, make such a determination within the requirements of the law, absent facts in the record upon which to base such a finding.
Accordingly, the petition for writ of certiorari is granted and the cause is remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and McNULTY, J., concur.