311 So.2d 126 (1975)
STATE of Florida, Appellant,
v.
Calvin E. GLIDEWELL, Appellee.
No. 74-1168.
District Court of Appeal of Florida, Second District.
April 18, 1975.
*127 Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Christopher C. Ford and H.D. Robuck, Jr. of Ford, Cauthen & Robuck, Tavares, for appellee.
BOARDMAN, Judge.
This is an appeal by the State of Florida from an order of the trial court dismissing a criminal information filed against defendant/appellee on August 26, 1974. The three-count information charged appellee with violations of Florida Statutes, Sections 811.021, 817.29, and 112.313(3) allegedly occurring on or about June 2, 1972. Each count additionally alleged that, at the time the aforesaid offenses occurred, appellee was the city manager for the City of Leesburg, Lake County, Florida, and that each of said offenses was connected with the discharge of the duties of his office.
Appellee filed a motion to dismiss on the ground that the statute of limitations had run. Florida Statutes, Section 932.465. After a hearing, the trial court granted the motion finding that the appellee was not a "municipal official" within Florida Statutes, Section 932.465(3) and that, therefore, the statute of limitations had run. The court ruled that the exception to the general statute of limitations applied only to officers who had "terms of office" and that the city manager of Leesburg had no "term of office" because he served only "... `at the pleasure of the City Commission.'"
After filing its notice of appeal, appellant filed a motion for extension of time in this court to toll the running of the speedy trial rule pending the disposition of this appeal. Appellant had filed two similar motions with the trial court, which were denied. In State v. Vinson, Fla.App. 2d, 1974, 294 So.2d 418, this court suggested that the state file a motion in the lower court for an extension in such circumstances. The state followed this advice. If a defendant prevails on a motion to dismiss, the state has no choice but to appeal if it feels that the trial judge was wrong in dismissing. If it ultimately appears that the trial judge ruled incorrectly and the appellate court reverses the case, it would seem grossly unfair and unreasonable to *128 charge the state with the time taken to prosecute the appeal which would, in many cases, extend beyond the time in the speedy trial rule and prevent a trial. The delay should not be charged against the state because it was caused by the defendant's motion to dismiss. These circumstances, we think, clearly fall within the extension provisions of Rule 3.191(d)(2)(iv), RCrP. Therefore, we hold that the trial judge was in error in denying the motion for extension and, upon remand of this case, the trial judge shall grant the motion for extension for a period equal to the time consumed by this appeal (from the date of filing the notice of appeal to issuance of the mandate of this court, and any further proceedings in the Florida Supreme Court contesting the validity of the dismissal of the charges).
As to the merits of the appeal, the sole point presented to us is whether the city manager of the City of Leesburg is a "municipal official" for purposes of Florida Statutes, Section 932.465(3). Subsection (3), supra, provides:
Offenses by state, county, or municipal officials committed during their terms of office and connected with the duties of their office shall be commenced within two years after the officer retires from the office.
If appellee is not an official under this statute, the statute of limitations has run.
In State v. Clyde, Fla.App.2d, 1974, 299 So.2d 136, 137, this court considered by way of petition for writ of certiorari a strikingly similar factual situation construing this subsection. We stated:
No very satisfactory legal definition of "official" appears in case law. Accordingly, each case has been considered largely on its own merits applying certain criteria. Such criteria may consist, in whole, or part, of whether: the position holder was elected or appointed; the position was established by constitution, statute, charter or ordinance; the position involves continuous exercise of public power, trust or duty; the position requires an oath or bond; as well as other factors that may be pertinent in a given case... . [citations deleted].
With respect to those criteria, we note that the position of city manager of Leesburg is provided for by 1923 Laws of Florida, Special Act Ch. 9820, Section 25. Section 6, of this same act, designates the city manager as chief administrative officer of the municipality. Appointed by the city commission, and serving at its pleasure, he is also required to take an oath of office to faithfully carry out this high duty and public trust. The powers and duties of the city manager toward this responsibility for the proper administration of the affairs of the city are extensively set out in Section 28. Therefore, the fact that the city manager is not appointed for a specific term of office is not solely determinative of the question posed for our consideration here, particularly where the position of city manager has been legislatively established as the chief administrative officer of the municipality and given extensive powers and responsibilities to carry out this duty.
Additionally, we note that our supreme court, upholding the constitutionality of the special criminal statute of limitations for public officials, in State v. Bruno, Fla. 1958, 107 So.2d 9, stated the particular purpose for the statute justifying a different time period for public officials, quoting State v. Douglass, 1912, 239 Mo. 674, 144 S.W. 407:
"The tenure of a great many public officers in Missouri continues for a term of four years; and this statute was doubtless intended to preserve to the state the right to prosecute such officers after their terms expire for such willful and corrupt violation of law as they may have committed while in office. It is a notorious fact that officers can and frequently do so completely conceal their *129 embezzlements that their crimes are not detected until their official records pass into the hands of their successors; and it was doubtless to meet just such cases that the statute under consideration was enacted. * * *" (Emphasis [F.S.C.].)
Section 932.465(3), Florida Statutes, was construed to permit criminal prosecution within two years of an officer's final withdrawal from office, notwithstanding the fact that the alleged misconduct had occurred in prior terms, when the officer had succeeded himself in office.
In light of the spirit and intent of the Legislature, we interpret the statute to include persons who, although not serving a definite or fixed period of time, exercise considerable executive powers and responsibilities in a position of public trust and authority. This is particularly true of the city manager of Leesburg. Under charter provision, the city manager, as a chief administrative officer, has ultimate responsibility for the City Department of Public Safety and Welfare and Public Works; Department of Records and Taxation and Department of Finance. (1923 Laws of Florida, Special Act Ch. 9820, Section 41). With respect to those duties, he is given considerable independence and autonomy apart from the city commission in the selection and supervision of other city officers and personnel of his administration. (Section 11, supra). Although the city manager is removable by the city commission, he cannot be removed after having served six months without such due process protection as a list of written charges and a public hearing must take place before his final removal from office. (Section 27, supra).
In view of his above enumerated powers and duties, it does not comport with our sense of logic and reason, or the intent of the Legislature in the passage of the act creating the City of Leesburg, to find that the city manager is an employee and not a municipal official for purposes of Florida Statutes, Section 932.465(3) simply because he has no definitely established term of office.
Accordingly, and on the authority of our opinion in State v. Clyde, supra, and in view of the facts presented here, we hold that the trial court erred in finding that the city manager of Leesburg was not a municipal official for purposes of Florida Statutes, Section 932.465(3). Cf., McClendon v. Board of Health of City of Hot Springs, 1919, 141 Ark. 114, 216 S.W. 289. Therefore, the order dismissing the information is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
HOBSON, A.C.J., concurs.
GRIMES, J., concurs specially with opinion.
GRIMES, Judge (concurring specially).
While I agree that where the order sustaining the defendant's motion to dismiss is reversed on appeal the delay consequent upon the filing of the motion is a proper ground for extension under Rule 3.191(d)(2)(iv), a similar result could be reached by construing Rule 3.191(g), RCrP, to encompass the reversal of an order dismissing an information. See State v. Vinson, supra. This is a situation which often may be expected to occur. The committee charged with the oversight of the Criminal Rules of Appellate Procedure might well consider the advisability of recommending an amendment of the rules to clarify this point.