344 So.2d 284 (1977)
George Lee TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1730.
District Court of Appeal of Florida, Second District.
April 1, 1977.
Rehearing Denied April 20, 1977.
*285 Jack T. Edmund, of Edmund & Wilkins, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
In this case defendant/appellant challenges the denial of his motion for discharge pursuant to the Speedy Trial Rule, Fla.R.Crim.P. 3.191, made prior to his conviction for second-degree murder.
Appellant was arrested for first-degree murder on January 11, 1974. Following a preliminary hearing appellant was bound over for trial on the charge of second-degree murder. On February 4th appellant was indicted for first-degree murder. Appellant filed a motion to dismiss the indictment alleging there was no evidence upon which to base an indictment. Despite the state's opposition, the motion to dismiss the indictment was granted on March 24, 1974. The state took a timely appeal which resulted in this court reversing the trial court in an opinion rendered on September 30, 1974.[1] This court's mandate was issued on November 6, 1974. The state made no motion requesting the tolling of the speedy trial time prior to taking the appeal.
*286 On November 22, 1974 appellant moved for discharge under Fla.R.Crim.P. 3.191 alleging his arrest on January 11, the state's failure to toll the time during the pendency of its appeal, no order was entered tolling the same, and that the time for trying him had run on July 12, 1974. The trial court decided that the appellate proceeding tolled the running of the rule until the mandate of this court was issued and denied the motion for discharge. Appellant was subsequently tried, found guilty of second-degree murder, and sentenced to five years imprisonment. Appellant then brought this appeal with his sole point being that the trial court erred in denying his motion for discharge.
Important to the determination of this case are two issues which can be stated alternatively as follows:
1) Whether the time for trying an accused under Fla.R.Crim.P. 3.191 is automatically stayed pending appeal by the state of a dismissal or indictment pursuant to Fla.R.Crim.P. 3.191(g); or
2) Whether the time for trying an accused under Fla.R.Crim.P. 3.191 can be stayed pending appeal by the state of a dismissal of indictment under Fla.R. Crim.P. 3.191(d)(2)(iv) providing the state files a motion for stay at the trial level prior to taking the appeal.
Implicit in defining these important issues is the possibility that Fla.R.Crim.P. 3.191 does not speak to any tolling of time periods where the state appeals the dismissal of an indictment and therefore no stay, automatic or otherwise, is available. We tentatively reject this latter view since it would be directly contrary to the spirit and intent of the rule as we have heretofore interpreted it. Cf. State v. Glidewell, 311 So.2d 126 (Fla.2d DCA 1975); State v. Vinson, 294 So.2d 418 (Fla.2d DCA 1974); State v. Williams, 287 So.2d 415 (Fla.2d DCA 1973).
The starting point for resolution of the issue herein is Fla.R.Crim.P. 3.191 which has no specific provision for tolling, automatic or otherwise, the applicable 180-day period of time during the pendency of an appeal by the state of an order dismissing an indictment. Nor do any Florida statutes expressly provide for an automatic or other type of stay during the time an appeal is taken in such a situation.[2] However, prior cases before this court have dealt with this issue under two provisions of the Speedy Trial Rule.[3] Compare Vinson, supra, and Glidewell, supra.
In Vinson the state filed an appeal from an order dismissing an information. Prior to taking this appeal the state moved unsuccessfully for an extension of time under the Speedy Trial Rule pending the appeal. Judge Grimes, in denying a similar motion for extension before this court, stated,
"In analogous situations, Rule 3.191(g), CrPR, 33 F.S.A., provides for an automatic ninety-day extension. If the question were squarely presented to us, we would construe the rule [3.191(g)] to encompass the reversal of an order dismissing an information. Cf. State ex rel. Sheppard v. Duval, Fla.App.3d, 1973, 287 So.2d 370. In State v. Williams, Fla.App.2d, 1973, 287 So.2d 415, we suggested that until such time as the wording of the rule was settled, prosecutors might wish to move for an extension of time pending the outcome of the appeal."
294 So.2d at 419.
In the earlier case of Williams, supra, Judge Grimes explained his reliance on subsection *287 (g) of Fla.R.Crim.P. 3.191. He posited,
"If read literally, this subsection would appear to have no application even to those situations where an order dismissing an information has been overturned on appeal, because there has never been a `trial.' On the other hand, there is no specific provision in the Rule for a first trial after reversal of an order dismissing an information. Therefore, it would be logical to assume that the Supreme Court intended for the 90 day period specified in CrPR 3.191(g) to apply to a trial under those circumstances." (footnote omitted)
287 So.2d at 419. Judge Grimes adhered to this position in Vinson, although he found it unnecessary to apply it to the facts there.
More recently this court has again been confronted with the problem of extensions of time under the Speedy Trial Rule when the state appeals a dismissal of information or indictment. In Glidewell, supra, Judge Boardman noted that the state had filed two motions at the trial court level for extensions pending appeal to this court. Both motions were denied. Relying on a different subsection of Rule 3.191, specifically subsection (d)(2)(iv), Judge Boardman asserted that the delay [appeal] caused by defendant's motion to dismiss should not be charged against the state. He stated further,
"In State v. Vinson, Fla.App.2d, 1974, 294 So.2d 418, this court suggested that the state file a motion in the lower court for an extension in such circumstances. The state followed this advice. If a defendant prevails on a motion to dismiss, the state has no choice but to appeal if it feels that the trial judge was wrong in dismissing. If it ultimately appears that the trial judge ruled incorrectly and the appellate court reverses the case, it would seem grossly unfair and unreasonable to charge the state with the time taken to prosecute the appeal which would, in many cases, extend beyond the time in the speedy trial rule and prevent a trial."
311 So.2d at 127-28.
In the case sub judice the state, prior to taking the appeal from the order granting dismissal of the indictment, made no motion for extension of time pending appeal as suggested by this court's decisions in Williams, Vinson, and Glidewell, supra. Although Glidewell seems to require such a motion by the state when the latter intends to rely on subsection (d)(2)(iv) following reversal of an order dismissing an indictment, the automatic 90-day extension granted the state under subsection (g) in a similar situation does not. Such a result is not inconsistent with the decisions in Williams or Vinson as they admonish prosecutors to move for such extensions wherever it appears that a pending appeal from an order of dismissal will not be decided until the time for trial has expired. These admonitions were given primarily as a result of the uncertainty rather than a prerequisite under subsection (g). It should be noted, however, that where motions are made by the state prior to the appeal, then resort to either subsection (d)(2)(iv) or subsection (g) may be in order.[4]
Since we hold that no motion was necessary to grant the automatic extension under Rule 3.191(g), then we must turn to facts herein to see if appellant was brought to trial within the applicable time limits granted under that extension. The record shows that the mandate from this court was issued on November 6, 1974, and received by the trial court on November 7, 1974. Therefore, given the 90-day extension granted herein, the state had until February 7, 1975 to try the appellant.
On or about January 20, 1975, one day prior to the date set for trial, appellant *288 moved for a continuance, asserting that a certain witness, upon which he relied for a defense, had not been served. Although no order reflects the specific granting of this continuance, it is apparent from the papers filed in the record that it was granted and trial re-set for April 22, 1975. Assuming that this continuance was unexcused, and thereby chargeable to appellant, the state had until April 22, or approximately 90 additional days under Rule 3.191(d)(3) to bring appellant to trial.
However, between April 30 and May 1 the state filed a motion to hold a material witness to bail, said motion reflecting the need for the witness' presence and his willful refusal to appear on April 22. The trial court granted this motion by order dated April 30 and filed May 1, 1975. Thereafter appellant's trial began on May 12, 1975.[5]
In affirming the judgment and sentence below we are mindful that more than a one year and five months elapsed from the time of the appellant's arrest and the first day of trial. Some of that time was, as noted herein, properly chargeable to the appellant. However, part of that time may be attributed to the confusion arising out of the rule itself. For those reasons and the reasons cited herein, we hereby certify to the Supreme Court of Florida, pursuant to Article V, § 4(b) of the Constitution of the State of Florida, that the decision of this court in this cause "passes upon a question of great public interest" in that a gap exists in Fla.R.Crim.P. 3.191 which jeopardizes the effective administration of this rule. This uncertainty, which arises when the state appeals, prior to trial, an order dismissing an indictment or information, has caused and is likely to cause further prejudice to litigants on both sides of the question. Cf. Vinson, supra, and Glidewell, supra.
Therefore, the judgment and sentence below is affirmed and the decision in this cause is hereby certified to the Supreme Court for determination of the questions presented herein with respect to Rule 3.191.
BOARDMAN, C.J., and McNULTY, J., concur.
NOTES
[1] State v. Tucker, 301 So.2d 501 (Fla.2d DCA 1974).
[2] The state asserts that § 924.071(2), Fla. Stat.(1973) allows an automatic stay from any further action by the trial court during the pendency of an appeal by the state of any pretrial order. Although that statute does allow automatic extensions where appeals are taken from pretrial orders dismissing a search warrant, suppressing evidence, and suppressing a confession or admission, nowhere in the statute is an appeal from an order dismissing an indictment specifically mentioned nor has the state cited authority for automatic extensions in such situations. We hold that § 924.071(2), allows automatic extensions during the pendency of appeals from the specific pretrial orders enumerated in the statute and noted above.
[3] See Fla.R.Crim.P. 3.191(d)(2)(iv) and 3.191(g).
[4] In State v. Glidewell, 311 So.2d 126, 129 (Fla.2d DCA 1975) Judge Grimes in a special concurring opinion declared,

"While I agree that where the order sustaining defendant's motion to dismiss is reversed on appeal the delay consequent upon the filing of the motion is a proper ground for extension under Rule 3.191(d)(2)(iv), a similar result could be reached by construing Rule 3.191(g), RCrP, to encompass the reversal of an order dismissing an information."
[5] Appellant does not contend any error with respect to the provisions of the Speedy Trial Rule due to the postponement of trial from April 22 to May 12. Were such a contention raised we would have little difficulty in justifying this extension under Rule 3.191(f)(iii). This witness' recalcitrance cannot be charged to the state or to the defendant.