344 So.2d 311 (1977)
STATE of Florida, Appellant,
v.
Greg P. WILLIAMS, Appellee.
No. 76-1677.
District Court of Appeal of Florida, Second District.
April 6, 1977.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellant.
Martin E. Rice of Harris, Clark, Green, Piper & Davenport, St. Petersburg, for appellee.
GRIMES, Judge.
This is an appeal from an order of discharge for failure to provide a speedy trial.
On May 14, 1975, the appellee was arrested for possession and sale of cocaine. Trial *312 was set for September 26, 1975. On September 12, 1975, appellee filed a motion to exclude witnesses. On September 26, 1975, an order was entered excluding two of the state's witnesses from testifying at the trial. The state immediately filed a notice of appeal from this order. At the same time the state also moved for an order staying the speedy trial time pending the appeal and the motion was granted on September 26, 1975.
This court treated the appeal as a petition for certiorari and denied the petition. This court's mandate was filed below on July 14, 1976. A new trial date was set for September 30, 1976. Appellee then filed a motion for discharge pursuant to the speedy trial rule which was granted on September 30, 1976.
The problem here is that when the appeal was taken and the stay order entered, 135 days of the 180 days available under the speedy trial rule had already elapsed. Therefore, the court reasoned that the state only had 45 days left after the appeal was adjudicated to bring the appellee to trial. Since the trial did not take place within this 45 day period, the appellee was ordered discharged.
The state contends that it was entitled to 90 days after the appeal was decided within which to bring the appellee to trial. The state relies primarily upon State v. Vinson, 294 So.2d 418 (Fla.2d DCA 1974), in which this court observed, by way of dictum, that the automatic 90 day extension under Fla.R.Crim.P. 3.191(g)[1] would apply to the reversal of an order dismissing an information.[2] We do not find the Vinson rationale persuasive where, as here, the state's appeal which brought about the trial delay was unsuccessful.[3]
The speedy trial rule specifically contemplates the effect of an interlocutory appeal upon the speedy trial time. Thus, Fla.R.Crim.P. 3.191(d)(2) states:
"(d)(2). When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court. .. . (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused..." (Emphasis supplied.)
Certiorari proceedings raising questions bearing directly on the trial itself may properly be considered as interlocutory appeals for purposes of this provision. Esperti v. State, 276 So.2d 58 (Fla.2d DCA 1973).[4] Moreover, the state availed itself of this provision when it moved for a stay upon the filing of the notice of appeal. Unfortunately for the state, its motion requested the court only
"... to stay the Speedy Trial Rule, as set forth in Florida Rules of Criminal *313 Procedure 3.191, for the period of time necessary to complete appellate procedures instituted in the above-styled cause."
The order simply recited that the motion for staying speedy trial rule was granted. By the very terms of the motion and order, the time was only stayed pending the completion of the appellate proceedings. The order served to advise all concerned of the new time limits which were in effect. See Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974).
Upon the conclusion of the appellate proceedings, the speedy trial time recommenced running. When the state failed to bring the case to trial within the 45 days which were left, the appellee was entitled to discharge.[5]
Questions as to whether or to what extent the speedy trial time should be tolled for appeal or certiorari are continuing to occur. There seems to be little uniformity on the subject, and Fla.R.Crim.P. 3.191 as now written does not provide ready answers to these questions. Accordingly, we have determined to certify this decision to the supreme court as representative of those cases in which the state has unsuccessfully sought appellate review. At the same time, we are also certifying our decision in Tucker v. State, supra, as representing a case in which the state was successful in having the ruling of the lower court overturned. By this procedure we hope to provide a vehicle for the supreme court to clarify the procedures to be followed in this area of law.
AFFIRMED.
BOARDMAN, C.J., and OTT, J., concur.
NOTES
[1] Fla.R.Crim.P. 3.191(g) reads as follows:

"(g) Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time."
[2] In an opinion just released our court has now squarely reached this conclusion. Tucker v. State, 344 So.2d 284 (Fla.2d DCA 1977) (Opinion filed April 1, 1977).
[3] In a sense, Vinson contributed to his own delay by seeking and obtaining an order which necessitated an appeal to set it aside.
[4] As suggested by Esperti, there may be occasions in which the state finds its case seriously jeopardized by what it believes to be an erroneous interlocutory ruling from which there is no right of appeal. Then, the state's only recourse is to file a petition for certiorari because if the case goes to trial jeopardy will attach and the state will have lost its right to have the order reviewed except by cross-appeal. Under these circumstances, there ought to be a way to toll the speedy trial time until after there has been a disposition of the certiorari proceedings.
[5] We do not suggest that the tolling of the speedy trial time must always be limited to precisely the amount of time involved in the appellate proceedings. For example, had the trial originally been set on the 178th day and the state had chosen to appeal an unfavorable order entered on that date, the court would have been within its authority to extend the speedy trial time for a reasonable period after the termination of appellate proceedings because it is obvious that once the appeal was over a new trial could not be set to commence two days hence. By the same token, if there were only two days left when the appeal was over, we would expect the court to look favorably upon a motion for extension, providing this were done prior to the expiration of the total of 180 days. See State v. Williams, 287 So.2d 415 (Fla.2d DCA 1973).