346 So.2d 641 (1977)
STATE of Florida, Appellant,
v.
Larry SMAIL, Appellee.
No. 76-1843.
District Court of Appeal of Florida, Second District.
June 3, 1977.
*642 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Wilbur C. Smith, III, Smith, Carta & Snow, Fort Myers, for appellee.
GRIMES, Judge.
This is an appeal from an order of discharge under the speedy trial rule.
Appellee was originally charged with narcotics violations in a three-count information. The information was dismissed. On appeal this court affirmed the dismissal of the count involving an alleged sale but reversed the dismissals of two counts charging possession. State v. Snail, 323 So.2d 626 (Fla.2d DCA 1975). The mandate was received by the court below on January 9, 1976.
Thereafter, appellee obtained an order on March 8, 1976, which suppressed the evidence *643 which the appellee had been charged with possessing. The state filed an interlocutory appeal on March 24, 1976. The order of suppression was ultimately reversed. State v. Smail, 337 So.2d 421 (Fla.2d DCA 1976). The trial court received our mandate on October 15, 1976.
The case was set for trial on November 8, 1976. However, at a hearing on November 6, 1976, appellee's motion for discharge for failure to comply with the speedy trial rule was granted. The order of discharge was entered on November 12, 1976, and the state now appeals this order.
Upon the filing of the mandate following this court's reversal of the order dismissing the two counts of the information, the state had ninety days within which to bring appellee to trial. Tucker v. State, 344 So.2d 284 (Fla.2d DCA 1977); see State v. Vinson, 294 So.2d 418 (Fla.2d DCA 1974). However, during this period of time the court entered an order of suppression from which the state filed a notice of interlocutory appeal. Thereafter, the state filed a motion to extend the speedy trial period but apparently this motion was never called up for hearing because no order was ever entered. In granting the motion for discharge, the court concluded that the pending interlocutory appeal from the order of suppression did not automatically toll the speedy trial time and that since no order extending the speedy trial time had been entered, the speedy trial time had long since run by the date of the motion for discharge. Thus, the issue framed by the briefs on this appeal is whether the speedy trial time was automatically stayed pending the state's interlocutory appeal from the order of suppression in the absence of an order to this effect.
The interlocutory appeal was taken pursuant to Section 924.071, Florida Statutes (1975), which reads as follows:
"924.071 Additional grounds for appeal by the state; time for taking; stay of cause. 
(1) The state may appeal from a pre-trial order dismissing a search warrant, suppressing evidence obtained by search and seizure, or suppressing a confession or admission made by a defendant. The appeal must be taken before the trial.
(2) An appeal by the state from a pre-trial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined. If the trial court determines that the evidence, confession, or admission that is the subject of the order would materially assist the state in proving its case against another defendant and that the prosecuting attorney intends to use it for that purpose, the court shall stay the case of that defendant until the appeal is determined. A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense."
The Third District Court of Appeal in Mullin v. State, 307 So.2d 829 (Fla.3d DCA 1974), and the Fourth District Court of Appeal in State v. Cannon, 332 So.2d 127 (Fla. 4th DCA 1976), have held that an interlocutory appeal filed under this statute does not automatically toll the speedy trial time. On the other hand, the First District Court of Appeal in State v. Pearce, 336 So.2d 1274 (Fla.1st DCA 1976), has ruled that the speedy trial time is automatically tolled by virtue of the statutory language which indicates that an appeal under that section brings about a stay of the case. Faced with conflicting decisions, we are persuaded by the rationale of State v. Pearce, supra, that the speedy trial time is tolled. In Mullin v. State, supra, the language in Section 924.071 relating to the stay of the case was apparently not called to the court's attention. The court in State v. Cannon, supra, did consider the effect of the statute but concluded that the pertinent language had been superseded by the speedy trial rule. This overlooks the fact that Section 924.071, as a whole, only became effective upon being incorporated into Fla.App. Rule 6.3(b). See State v. Smith, 260 So.2d 489 (Fla. 1972). Our conclusion is consistent with Carroll v. State, 251 So.2d 866 (Fla. *644 1971), in which the supreme court reasoned that the speedy trial time mandated by statute prior to the enactment of the speedy trial rule is tolled pending an appeal under Section 924.071.
The fact that the speedy trial time was tolled pending the appeal from the order of suppression does not necessarily resolve the instant appeal. There still remains the question of how many days the state had to bring the appellee to trial following receipt of the mandate which reversed the order of suppression. The appellee can logically argue that the state had only fifteen days left within which to bring him to trial following receipt of the second mandate, since seventy-five of the ninety days available after the first mandate had already run by the time the state filed its notice of appeal from the order of suppression.
However, we believe this case falls more nearly within the rationale of Tucker v. State, supra. In most cases, and certainly in the instant case, an order suppressing evidence has the practical effect of making it impossible for the state to proceed with its case. The order of suppression entered below was just as detrimental to the state's position as was the order dismissing the indictment in Tucker. When the state successfully obtained a reversal of the order of suppression, it was then for the first time in a position to proceed to trial and was entitled to the ninety days specified by Fla.R. Crim.P. 3.191(g) within which to do so. We have no hesitation in adding that had the state not prevailed on its appeal from the order of suppression, the appellee would have had to have been tried within fifteen days, because under those circumstances it could not be said that the appellee played any part in bringing about the trial delay. See State v. Williams, 344 So.2d 311 at 312 n. 3 (Fla.2d DCA 1977).
We recognize that this decision, as in Tucker, constitutes an extension of the literal language of Fla.R.Crim.P. 3.191(g), but we believe it to be our responsibility to interpret the speedy trial rule in a manner consistent with reason and logic. The rule is designed to serve the laudable purpose of insuring that persons charged with crimes are not allowed to languish in jail or otherwise suffer the indignities of a pending prosecution for an unreasonable length of time. The rule was well written and endeavored to cover as many contingencies as could be reasonably contemplated. However, there was little experience under similar rules upon which to draw, and it was impossible for the drafters of this rule to foresee the myriad of factual circumstances which have since occurred. Should we decline to interpret the rule in the manner in which we have done, the state will have been thwarted in its efforts to provide the appellee with a speedy trial without any lack of diligence on its part. Such a result would violate the spirit, if not the letter, of the rule.
REVERSED and REMANDED.
HOBSON, Acting C.J., and SCHEB, J., concur.