350 So.2d 81 (1977)
STATE of Florida, Petitioner,
v.
Greg P. WILLIAMS, Respondent.
No. 51493.
Supreme Court of Florida.
September 15, 1977.
*82 Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for petitioner.
Martin Errol Rice of Harris, Clark, Green, Piper & Davenport, St. Petersburg, for respondent.
SUNDBERG, Justice.
Pursuant to Article V, Section 3(b)(3), Florida Constitution, we review a decision of the District Court of Appeal, Second District, reported at 344 So.2d 311. In the decision certified to us, the district court passed upon the effect of an interlocutory appeal by the State on Fla.R.Crim.P. 3.191, the speedy trial rule.
The facts of this case, as iterated by the district court, are not complex. On May 14, 1975, respondent, Greg P. Williams, was arrested for possession and sale of cocaine. Trial was initially set for August 28, 1975, but was continued until September 26, 1975, on petitioner's motion. On September 12, 1975, respondent filed a motion to exclude witnesses. On September 26, 1975, an order was entered excluding two of the State's witnesses from testifying at the trial. Petitioner immediately filed a notice of appeal from this order. At the same time, petitioner moved for an order staying the speedy trial time pending the appeal, and the motion was granted on September 26, 1975. By its motion, the State requested the trial court only
... to stay the Speedy Trial Rule, as set forth in Florida Rules of Criminal Procedure 3.191, for the period of time necessary to complete appellate procedures instituted in the above-styled cause. (Emphasis supplied)
The district court of appeal treated the appeal as a petition for certiorari and denied the petition. The district court's mandate was filed in the trial court on July 14, 1976. A new trial date was set for September 30, 1976. Respondent then filed a motion for discharge pursuant to the speedy trial rule, which was granted on September 30, 1976. When the appeal was taken and the stay order entered, 135 days of the 180 days available under the speedy trial rule had already elapsed. Accordingly, the trial court reasoned that the State only had 45 days left after the appeal was adjudicated in which to bring the respondent to trial. Since trial did not commence within this 45-day period, the respondent was ordered discharged.
The essential issue resolved by the district court of appeal was whether the case was controlled by Fla.R.Crim.P. 3.191(g)[1] which provides an automatic 90-day extension after receipt by the trial court of a mandate from the reviewing court, or by Fla.R.Crim.P. 3.191(d)(2),[2] which provides that the trial court may extend the time *83 periods established by the rule for a period of reasonable and necessary delay to accommodate certain specified events. Petitioner relies upon State v. Vinson, 294 So.2d 418 (Fla. 2d DCA 1974), in which the district court observed in dictum, that the automatic 90-day extension under Fla.R.Crim.P. 3.191(g) would apply to the reversal of an order dismissing an information. As explained in footnote 2, such an appeal, after July 1, 1977, will be cognizable under Fla.R. Crim.P. 3.191(d)(2). In any event, the district court rejected the State's assertion based upon Vinson and properly concluded that the speedy trial rule by subsection (d)(2) specifically contemplates the effect of an interlocutory appeal upon the rule's time periods.
The district court determined that certiorari proceedings raising questions bearing directly on the trial itself may properly be considered as interlocutory appeals for purposes of Fla.R.Crim.P. 3.191(d)(2). Furthermore, the district court quite correctly observed that the State availed itself of this very provision of the rule when it moved for a stay upon the filing of the notice of appeal. By their terms, the motion and order stayed the time under the rule only pending completion of the appellate proceedings. As noted by the district court, the motion and order themselves served to advise all concerned of the new time limits which were in effect. See Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974).
We concur, then, with the result reached by the District Court of Appeal, Second District, when it determined that this case is controlled by Fla.R.Crim.P. 3.191(d)(2), and, therefore, upon receipt of the mandate by the trial court which concluded the appellate proceedings, the speedy trial time recommenced to run. When the State failed to bring the case to trial within the 45 days which were left, respondent was entitled to discharge.
Accordingly, the petition for writ of certiorari is granted and the result of the decision of the District Court of Appeal, Second District, is approved.
It is so ordered.
OVERTON, C.J., and ENGLAND, HATCHETT and KARL, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.191(g) reads as follows:

"Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time."
[2] Fla.R.Crim.P. 3.191(d)(2) reads as follows:

"When Time May be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused."
It should be noted that effective July 1, 1977, this Rule has been amended to include under category (iv) the additional event, "for an appeal by the State from an order dismissing the case." The Committee Note to the amended Rule explains the purpose of the additional phrase in the following terms:
"An appeal by the State from an order dismissing the case constitutes an interlocutory appeal, and should be treated as such. The additional phrase removes any ambiguities in the existing Rule."