357 So.2d 719 (1978)
George Lee TUCKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 51621.
Supreme Court of Florida.
April 5, 1978.
Jack T. Edmund, John C. Wilkins, III, and John Robert Howes of Edmund & Wilkins, Bartow, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for respondent.
ENGLAND, Justice.
The Second District Court of Appeal has certified to us, as passing on a question of great public interest, its decision upholding petitioner's conviction and sentence for second degree murder in the face of an asserted right to discharge under our speedy trial rule.[1] We accept the case for review[2] to resolve confusion among the district courts as to which of two provisions in our speedy trial rule should be applied following the state's successful appeal of a trial court ruling dismissing an indictment.
Under Rule 3.191(g) as it existed when the district court ruled, the state was automatically given 90 days from the trial court's receipt of an appellate court's mandate within which to bring the defendant to trial.[3] Under Rule 3.191(d)(2)(iv) as it then existed, the state was given a "reasonable" time to bring a defendant to trial after an interlocutory appeal, but only if it had first obtained an extension of time from the lower court. In the decision now brought to us for review, the district court determined *720 that no prior application to the trial court was necessary because the automatic 90-day provision applied. The essential facts which led to that conclusion are these.
In 1974 Tucker was arrested and indicted for first degree murder. After he successfully moved to dismiss the indictment, the state took a timely appeal from the order of dismissal without first asking the trial court to toll the speedy trial rule. On appeal the state prevailed.[4] Less than 90 days after the district court's mandate issued, Tucker moved for discharge pursuant to Florida Rule of Criminal Procedure 3.191, alleging that the time for bringing him to trial had expired. The trial court denied this motion, ruling that the appellate proceeding had tolled the speedy trial period until the mandate of the district court was issued. Tucker was then tried, found guilty of second degree murder, and sentenced to five years imprisonment.
On appeal of his conviction, Tucker argued that the trial court mistakenly denied his motion for discharge, thereby confronting the district court with a choice between the automatic tolling rule (Rule 3.191(g)) and the "stay by request to the trial court" rule (Rule 3.191(d)(2)(iv)). The district court held that the state's failure to move for an extension precluded any reliance on Rule 3.191(d)(2)(iv), but ruled that the automatic 90-day extension was applicable. It then affirmed Tucker's conviction and certified its decision to this Court as one passing upon a question of great public interest.[5]
In attempting to select which of the two provisions of our speedy trial rule might govern after the state's successful appeal of a trial court order which dismisses an indictment, the district court observed that nothing in Rule 3.191 (as it then existed) dealt expressly with this situation. An attempt to resolve the controversy by reference to the statutory "stay" provision for state appeals does not avail the state, Carroll v. State, 251 So.2d 866 (Fla. 1971),[6] any more than does its attempt to attribute the delay to Tucker on the ground that he was not continuously available for trial.[7] We *721 recently amended the rule to resolve this very issue, however, by requiring an application to the trial court for an extension of the speedy trial period under these circumstances.[8] This new provision does not have retrospective effect, however,[9] and it remains for us to decide whether the district court reached the correct result under the predecessor rule.
Rule 3.191(g) provides in relevant part:
"A person who is to be tried again shall be brought to trial within 90 days from the date of ... receipt by the trial court of a mandate ... from an appellate or other reviewing court which makes possible a new trial for the defendant... ."
Rule 3.191(d)(2), as it then existed, provided:
"The periods of time established by this Rule for trial may at any time be waived or extended by order of the court ... (iv) [for] a period of reasonable and necessary delay resulting from proceedings including but not limited to ... interlocutory appeals... ."
As the district court correctly observed, a literal reading of subsection (g) would indicate that it is inapplicable where an order dismissing an indictment or information has been reversed on appeal, since in those cases which have not yet proceeded to trial there can be no "new trial" and a defendant obviously cannot be "tried again." On the other hand, subsection (d)(2)(iv) cannot apply to this situation since an order dismissing an indictment is not interlocutory but final.
The Second District first confronted this dilemma in State v. Williams, 287 So.2d 415 (Fla.2d DCA 1973), where it suggested in dictum that it would be "logical to assume" that subsection (g) was intended to apply whenever an order dismissing the charging instrument was overturned on appeal. The court there cautioned prosecutors, however, to move for extensions under subsection (d)(2) "[u]ntil such time as the wording of the Rule is modified or a definitive court ruling is made."[10] In State v. Vinson, 294 So.2d 418 (Fla.2d DCA 1974), the court took a stronger position, stating that
"If the question were squarely presented to us, we would construe [subsection (g)] to encompass the reversal of an order dismissing an information."[11]
Again, however, the court warned against reliance on that construction so long as the wording of the rule remained unsettled. Finally, in State v. Glidewell, 311 So.2d 126 (Fla.2d DCA 1975), Judge Grimes indicated in a special concurring opinion that although subsection (d)(2)(iv) was clearly applicable where the state did move for an extension in the trial court, "a similar result could be reached" by giving effect to the *722 interpretation of subsection (g) previously suggested in Williams and Vinson.[12]
In the present case the state apparently relied on statements from these cases and chose not to move for an extension of time under subsection (d)(2)(iv). As a consequence, the district court was forced to elevate its earlier dictum to a holding that subsection (g) does encompass the reversal of an order dismissing an indictment. While we have now clarified our rules to require an application for stay in the lower court, we are unwilling to say that the district court acted unreasonably in struggling to resolve the dilemma with which it was confronted, or that the state attorney was unreasonable in relying on statements in the cases which then governed his territorial jurisdiction. Since the decisions of the district courts are final so long as they are not in conflict with or reversed by the decisions of this Court, there is no reason to disturb the decision below and it is, therefore, affirmed.
It is so ordered.
OVERTON, C.J., and SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] Tucker v. State, 344 So.2d 284 (Fla. 2d DCA 1977).
[2] Art. V, § 3(b)(3), Fla. Const.
[3] Fla.R.Crim.P. 3.191(g) (1976).
[4] State v. Tucker, 301 So.2d 501 (Fla.2d DCA 1974).
[5] 344 So.2d at 288. At about the same time, the district court also certified to us its decision in State v. Williams, 344 So.2d 311 (Fla.2d DCA 1977), which involved the applicability of the same two provisions of Rule 3.191 where the state un successfully appealed an unfavorable pre-trial order. In Williams, unlike the present case, the state had moved to toll the rule prior to taking the appeal, and the order from which review was sought was non-final in nature. Under those circumstances, we affirmed the district court's treatment of the appeal as a petition for certiorari to review an interlocutory order  a matter specifically controlled by Rule 3.191(d)(2)(iv). State v. Williams, 350 So.2d 81 (Fla. 1977). Because of the material differences, however, that decision has no direct bearing on the present controversy.
[6] Here, as in the district court, the state argues that it is entitled to an automatic stay during the pendency of its appeal by virtue of Section 924.071(2), Florida Statutes (1973). Although the district courts have split on whether the automatic statutory stay has been superseded by the requirement of our rule that a stay pending the state's appeal of pre-trial orders can only be obtained by motion in the trial court, compare State v. Smail, 346 So.2d 641 (Fla.2d DCA 1977), and State v. Pearce, 336 So.2d 1274 (Fla.1st DCA 1976), with Jenkins v. State, 349 So.2d 1192 (Fla.4th DCA 1977), State v. Cannon, 332 So.2d 127 (Fla. 4th DCA 1976), and Mullin v. State, 307 So.2d 829 (Fla.3d DCA 1974), cert. denied, 317 So.2d 761 (Fla. 1975), the court below correctly determined that the automatic statutory stay would not be applicable to appeals of pre-trial orders other than those specified in Section 924.071(1). 344 So.2d at 286 n. 2. We have previously so held in Carroll and decline to reconsider that decision now. See also State v. Pearce, 336 So.2d 1274, 1277 (Fla.1st DCA 1976); Esperti v. State, 276 So.2d 58 (Fla.2d DCA 1973); Bryant v. Blount, 261 So.2d 847 (Fla.1st DCA), cert. denied, 267 So.2d 82 (Fla. 1972).
[7] The state suggests that the trial court's denial of the motion for discharge can be justified on the theory that Tucker necessitated the state's appeal by his original motion to dismiss so that the delay should be attributed to him, relying on Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974), and State ex rel. Simonds v. Hall, 326 So.2d 443 (Fla.2d DCA 1976), among other decisions. For this proposition the state relies on language from State v. Glidewell, 311 So.2d 126 (Fla.2d DCA 1975), to the effect that where the defendant prevailed on a motion to dismiss and the trial court erroneously denied the state's motion to toll the running of the speedy trial time pending its appeal of that ruling, the delay resulting from the state's successful appeal "should not be charged against the state because it was caused by the defendant's motion to dismiss." Id. at 128. This rationale was suggested again by the same court in State v. Williams, 344 So.2d 311, 312 n. 3 (Fla.2d DCA 1977). We reject the notion that criminal defendants are to be penalized for moving to dismiss an indictment, and certainly not where the motion is sufficiently well-taken to elicit a favorable ruling from the trial court. The position urged by the state (and mentioned suggestively by the Second District) would place an accused on the horns of a dilemma by requiring him to jeopardize his speedy trial rights in order to challenge the state's right to prosecute. The right to test the legality of the state's procedure and the right to a speedy trial are independently guaranteed, and we cannot accept a construction of our rules that would force a defendant to risk one to obtain the other. Carroll v. State, 251 So.2d 866, 870 (Fla. 1971). Cf. State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970).
[8] Fla.R.Crim.P. 3.191(d)(2)(iv), as amended in The Florida Bar: Re Florida Rules of Criminal Procedure, 343 So.2d 1247, 1256 (Fla. 1977); see also Fla.R.App.P. 9.310(a) and (b)(2) (1977); State v. Williams, 350 So.2d 81, 82 n. 2 (Fla. 1977). And see State v. Wells, 326 So.2d 175, 176 (Fla. 1976).
[9] Unless otherwise specifically provided, our court rules are prospective only in effect. Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896).
[10] 287 So.2d at 419 n. 3.
[11] 294 So.2d at 419.
[12] 311 So.2d at 129 (Grimes, J., concurring specially).