BOYD, Justice,
dissenting.
I dissent from the Court’s decision because I do not believe the circumstances relied upon as justifying the delay of the proceedings properly constitute “exceptional circumstances” within the meaning of Florida Rule of Criminal Procedure 3.191(f). The decision departs from our precedents which hold that the filing of a motion to dismiss does not toll the speedy trial rule time. In Carroll v. State, 251 So.2d 866, 870 (Fla.1971), this Court declared:
To hold that a genuine motion testing the validity of an information tolls the running of the speedy trial statute places an accused in the anomalous position of waiving his guarantee of a speedy trial in order to assert the insufficiency of the information lodged against him. This we decline to do.
We recently reiterated this view in Tucker v. State, 357 So.2d 719 (Fla.1978):
We reject the notion that criminal defendants are to be penalized for moving to dismiss an indictment, and certainly not where the motion is sufficiently well-taken to elicit a favorable ruling from the trial court. The position urged by the state (and mentioned suggestively by the Second District) would place an accused on the horns of a dilemma by requiring him to jeopardize his speedy trial rights in order to challenge the state’s right to prosecute. The right to test the legality of the state’s procedure and the right to a speedy trial are independently guaranteed, and we cannot accept a construction of our rules that would force a defendant to risk one to obtain the other.
Id. at 721, n. 7. The same reasoning applies here.
*682 I see no justification for denying a defendant his right to a speedy trial merely because other defendants have been successful in challenging the constitutionality of the statute he is charged with violating.If the previous successful challenges to the statute were to have any impact on respondent’s case, it should have been that his motion, found to have merit, would be granted. This would have given him the same treatment as the earlier, successful challengers. The court’s deferral of the decision placed respondent in a worse position than he would have been in had the court upheld the statute. Had the court simply upheld the statute and denied the motion to dismiss, then at least the respondent would have seen his case go to trial instead of being placed in some kind of judicial limbo.
Florida Rule of Criminal Procedure 3.191(f) states that “exceptional circumstances shall not include general congestion of the court’s docket....” This exclusion is a manifestation of the Rule’s broad policy that the defendant’s constitutional right is not to be jeopardized by circumstances created by the state. Yet the trial court’s order seems to suggest that considerations of judicial economy and appellate court docket congestion outweigh the defendant’s right to be brought to trial within the time period prescribed by the rule. The factor of judicial economy and the problem of appellate court docket congestion are matters of concern to the judicial system and result from the courts’ structure and rules of procedure. If this framework causes a drain on the state’s manpower and financial resources, then the framework should be changed. But these problems do not justify an extension of time under the rule. Nor do they, in my view, justify infringement of the right to be brought to trial without delay.
I would affirm the decision of the district court of appeal.
SUNDBERG, C. J., and ENGLAND, J., concur.