## STATE OF FLORIDA v JAMES

# Case No. 89-57AC10 (Lower Court Case No. 89-1423MM20A)

Seventeenth Judicial Circuit, Broward County

March 5, 1991

### APPEARANCES OF COUNSEL

**Carolyn V. McCann,** Assistant State Attorney, for appellant.
**Steven Michaelson,** Chief Assistant Public Defender, for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

THIS CAUSE came to be heard on the State's Appeal of the Defendant's Motion to Suppress. This Court having carefully reviewed all briefs, thoroughly read the entire trial transcript and being duly

51

advised in the applicable law and premises, finds as follows and enters this opinion:

*FINDINGS OF FACT:*

1. On or about April 23, 1989, two police officers in an unmarked car, responded to a BOLO report broadcast over their radio. The officers were to be on the look out for a black male wearing a white t-shirt and blue jeans carrying two twelve packs of Budweiser Beer which the suspect had allegedly stolen. The crime was committed on the corner of S.W. 3rd Street and Dixie Highway.

2. Officer Vanhaitsma and his partner happened to be in the vicinity of Dixie Highway and S.W. 4th Street when they heard the BOLO and a few minutes later spotted a black male who fit the description. Virgil James, the Defendant, was with the alleged thief and Mr. James was carrying two twelve packs of Budweiser Beer.

3. The policemen split up and followed on foot after the two men. Officer Vanhaitsma followed Mr. James. The suspect originally described in the BOLO report was never apprehended.

4. Officer Vanhaitsma reached the Defendant as he was about to enter his dwelling. In his testimony, the Officer stated that he told the suspect to stop, put the beer down and place his hands on a nearby rail. The officer then stated that he saw a small plastic bag sticking out of the Defendant's pocket and based on his experience, he believed the bag contained marijuana. The Officer then placed the Defendant under arrest for possession of Cannabis.

5. There is conflicting testimony in the record as to whether or not the bag containing the contraband was sticking out of the Defendant's pocket in plain view of the officer or if the officer found the bag by first invading the Defendant's privacy and conducting a thorough search of his pockets to discover this evidence.

6. At the hearing on the Defendant's Motion to Suppress, the lower Court found there was insufficient evidence to allow this warrantless search based on a BOLO which described a different suspect.

*CONCLUSIONS OF LAW:*

This Court has reviewed the matter in its entirety, questioning not merely the validity of the stop but more importantly the scope of the actual search and seizure of the Defendant and his property.

Furthermore, this Court is also well aware that a Motion to Suppress comes to the Appellate Court "clothed with a presumption of correctness," and the reviewing court must "interpret the evidence and

reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling." *McNamara v State*, 357 So.2d 719 (Fla. 1978).

Interpreting the trial record and factual disputes in a light most favorable to the lower Court's previous ruling, this Court feels that the Defendant's Motion to Suppress was correctly granted.

**WHEREFORE** it is **ORDERED AND ADJUDGED** that the lower Court should be and is **AFFIRMED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of March, 1991.