GLICKSTEIN, Judge,
concurring specially.
I conclude this case to be an affirmance, but believe that neither case cited by the majority is total authority for the affirmance in that the first point in the present appeal is whether rule 1.070(j), Florida Rules of Civil Procedure, which became effective on January 1, 1989, applies to a complaint filed prior to that date. The rule states as follows:
(j) Summons-Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion.
In Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991), Hernandez refiled his complaint on February 2, 1989, initiating a new action after voluntary dismissal, but did not repeat service of process within 120 days. In Morales v. Sperry Rand Corp., 578 So.2d 1143 (Fla.4th DCA 1991), Morales filed his complaint on August 17, 1989. Cindy Hill, appellant herein, filed her complaint on January 22, 1988, and did not serve the defendant with her complaint until February 28, 1990.
The majority did not believe the request of counsel for any history of rule 1.070(j) as it wound its way through the rule making process would be beneficial. They are more convinced than I of the wisdom of not asking. Accordingly, whatever I say here may not be a fully informed view.
Appellant relies upon footnote nine in Tucker v. State, 357 So.2d 719, 721 (Fla.1978), which states: “Unless otherwise specifically provided, our court rules are prospective only in effect. Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896).”
*369 Berdeaux v. Eagle-Picher Industries, Inc., 575 So.2d 1295 (Fla. 3d DCA 1990), upon which appellee relies, made no mention of Tucker. Like the present case, it involved complaints filed prior to 1989. The defendants were not served until August and September, 1989; and on September 25, 1989, the defendants moved to dismiss under rule 1.070(j). Our companion court affirmed the trial court’s dismissal only as to the one defendant who had not been served by the time the motion to dismiss was filed. A majority of the panel disagreed with that analysis in Morales and certified conflict.
Coleman v. Holmes, 789 F.2d 1206 (5th Cir.1986), offers the most compelling reason to affirm, in my view, saying:
Congress apparently did not intend to give persons filing suit before the new rule less time than those who filed after-wards. But we find no logic in the argument that those filing before February 26, 1983 had unlimited time in which to complete service but those filing after that date had only the allowed 120 days. We find nothing to indicate a congressional intent to favor the pre-Rule filings.
Id. at 1208. Accordingly, in the absence of further insight into the Florida rule, I am obligated to be consistent with Tucker, the footnote in which makes no distinction between civil or criminal, trial or appellate rules. I reject appellant’s interpretation of Tucker that “prospective” requires an interpretation that the rule shall apply to all complaints filed after the rule’s adoption and interpret it as giving all parties, prospectively, 120 days to effect service, i.e., for all pending and future actions, thus giving appellant 120 days from the effective date of the rule. Florida Rule of Civil Procedure 1.070(j) expressly relates to “120 days after filing of the initial pleading,” but there is nothing in the record to show appellant’s reading of the rule at the time it became effective was that it pertained to future actions, not pending ones. Appel--lant’s claimed good cause never suggests such confusion. Had this been the basis for relief, I might have been persuaded that the confusion created by the language of the rule vis a vis Tucker could constitute good cause.
Finally, I would certify conflict with Ber-deaux again — as I see no basis for distinguishing between those served before or after the motion to dismiss.