PIERCE, Chief Judge.
In this case appellant Anna R. Keenan appeals to this Court from a judgment of conviction entered against her in a narcotic case.
Keenan was informed against in two counts of an information, the first count charging possession of marijuana and the second count charging sale of marijuana. Upon trial, she was found guilty of both counts and was sentenced by the Court to serve a period of six months to five years on each count of the information, the sentences to run consecutively. Motions for new trial and to vacate the sentence being denied, she appeals the judgment and sentence to this Court. We affirm as to the adjudication of guilt on the merits of the charge, but reverse as to the two sentences imposed.
There was ample evidence adduced at the trial to support the finding of guilt and adjudication as to either or both counts of possession and sale. But it conclusively appears that the marijuana possessed was the marijuana sold, thus in effect making the possession and sale a single transaction.
The 3rd District Court in Yost v. State, Fla.App.1971, 243 So.2d 469, held that in such situation only one sentence should be imposed and that for the highest offense charged. We quote from the opinion on page 471:
“In Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charged. See Williams v. State, Fla.1953, 69 So.2d 766, 767; Wells v. State, Fla.App.1964, 168 So.2d 787; and Wyche v. State, Fla.App.1965, 178 So.2d 875, 877 (fundamental error). In the case below, the defendant was charged as follows: Count I with unlawful sale of marijuana on August 9, 1969 and in Count III with unlawful possession of marijuana on August 9, 1969; and in Count II with unlawful sale of marijuana on August 12, 1969, and in Count IV with unlawful possession of marijuana on August 12, 1969. In each instance, the marijuana alleged possessed on the specified date was the marijuana sold to the undercover agents on the same date. In short, Counts I and III and Counts II and IV, respectively, represent a facet or phase of a single transaction and justify but one sentence as to each of the two combined counts.”
This 2nd District Court has recently held to the same effect as to counts alleging the unlawful sale of unregistered securities and in parallel counts the unlawful engaging in business as a dealer in connection with the same securities. Easton v. State, Fla.App., 250 So.2d 294, opinion filed July 16, 1971.
Accordingly, the judgments as to the two counts are affirmed, but the sentences are vacated, and the cause is remanded with directions that the appellant Anna R. Keenan be presented to the trial Court and properly sentenced in accordance herewith.
Affirmed in part; reversed in part.
LILES and McNULTY, JJ., concur.