PER CURIAM.
In this case appellant was convicted of the crimes of possession of LSD and sale of LSD and sentenced by the court to two years for each conviction, the sentences to run concurrently. A review of the record on appeal indicates that the LSD possessed was the LSD sold thus in effect making the possession and sale a single transaction. Based upon the reasoning in Yost v. State, Fla.App.1971, 243 So.2d 469, only one sentence should have been imposed and that for the highest offense charged. See also Keenan v. State, Fla.App.1971, 253 So.2d 273; and Martin v. State, Fla.App.1971, 251 So.2d 283. In all other respects we are of the opinion that the appellant’s allegations of error are without merit. See Ramirez v. State, Fla.App.1970, 241 So.2d 744; Richardson v. State, Fla.1971, 246 So.2d 771; and Stunson v. State, Fla.App.1969, 228 So.2d 294.
Accordingly, the judgments as to the two counts are affirmed, but the sentences are vacated and the cause remanded with directions that the appellant be presented to the trial court and properly sentenced in accordance herewith.
Affirmed, in part; reversed, in part.
REED, C. J., and OWEN and MAGER, JJ., concur.