CARROLL, Judge.
By an information the appellant was charged in Count I with unlawful sale of a narcotic drug (heroin) to one J. Burgin on January 11, 1972. In Count II he was charged with possession of such drug on that date. By Count III he was charged with a similar sale to Burgin on January 18, 1972, and by Count IV charged with possession of such drug on that date. By Count V he was charged with sale of such a drug to Burgin on February 23, 1972, and by Count VI charged with possession thereof on said date.
On a non-jury trial the appellant was found and adjudged guilty on all counts. On the first two counts (one for sale and one for possession) the appellant was sentenced to imprisonment in the state penitentiary for a term of five years (with credit for _certain time served in the Dade County jail prior to sentencing). Upon Counts III and IV (for sale and possession respectively) the appellant was sentenced to a similar five year term, to be served at the expiration of the first five year term. A similar five year sentence, to be served cumulatively, was imposed on the fifth and sixth counts. On this appeal by the defendant below four points are presented.
First, the appellant contends the court committed reversible error in sustaining objections to certain testimony offered by defendant in support of a defense of entrapment, and by requiring consent of the defendant to the introduction of a deposition which for certain reasons was not admissible, as a condition of permitting such testimony by defendant. We find merit in that contention of the appellant.
At the trial questions by the attorney for the defendant calling for testimony of the defendant of statements made to him by one Morehouse as inducement of the defendant to make sales of heroin to'Burgin, were objected to by the state. The objection was sustained on the ground that such testimony was hearsay. The testimony sought to be so elicited was to the effect that Morehouse had persistently requested the defendant to make such sale to Burgin because Burgin was sick and in need thereof, etc.[1] In argument on the appeal the *104 state conceded such testimony was not hearsay, and that the trial court “probably” had been mistaken in that respect.
A deposition had been taken of More-house, and it appears that it was recognized by the parties at trial that such deposition was not admissible, for a reason or reasons not necessary to outline here. The trial judge then ruled that the testimony referred to above which the court had held was inadmissible could be presented by the defendant provided defendant would agree to admission of the Morehouse deposition relating to the subject.[2]
The testimony of the defendant regarding the inducement conversation with Morehouse was admissible, and for introduction thereof to be conditioned on consent to the use of an inadmissible deposition of Morehouse was not in accordance with due process of law. The error in that respect was not cured or removed by the assent of the defendant to so proceed, which was made in the face of the dilemma of the defendant created by such rulings. The election of the defendant to so proceed was not a free choice. We hold those rulings by the court and the proceedings thereby directed constituted harmful error, and were such as to require a new trial.
Having so concluded, consideration by this court of the other points presented by the appellant is not required. However, since the cause is to be remanded for a new trial, we will consider and express opinion on the other points raised.
Appellant contends that the court committed error in sustaining objections to questions to one Ruff, a police officer who was called as a witness for the defendant. Questions to Ruff were designed to establish the connection of Morehouse with the police, the extent of that connection and as to pressure that had been put on More-house by the police to produce narcotic sellers for the police. We regard such testimony to have been material with reference to the attempt of the defendant to show entrapment.
The appellant claims error in the refusal of the trial court to permit the defendant to examine Burgin with reference to a prior transaction or transactions between them for the purpose of showing Burgin thereby had become angry with and biased against the defendant. Burgin had testified as a witness against the defendant. We observe no proper reason for exclusion of such proffered evidence.
The final contention of the appellant that the trial court erred in denying his motion for discharge on the ground he had been denied a speedy trial, is without merit in the circumstances of the case.
It appears from the record that, on the three separate dates, the drug allegedly possessed was that which allegedly was sold to Burgin. In such circumstances if the evidence established the defendant to be guilty as charged, the convictions for the separaté dates should have been either for the sale or for the possession thereof, *105 but not for both. Keenan v. State, Fla.App.1971, 253 So.2d 273; Yost v. State, Fla.App.1971, 243 So.2d 469; McGuire v. State, Fla.App.1972, 260 So.2d 243.
For the reasons stated, the judgment is reversed, and the cause is remanded for new trial.

. That testimony as later given by the defendant, as to his dealings and conversations with Morehouse in this connection, included the following: “Q And what did More-house say to you? “A He said that he had a sick friend who’d been losing a lot of money and getting burned and be didn’t have a connection to buy heroin. And he asked me if I would do him a favor, to make a connection for him for his friend. And I told him that I wasn’t interested in doing anything like that at the time because I was on the metha *104 done program. I was trying to stay away from that. “Q What did he say? “A He kept after me. I saw him two or three times up there. He kept asking me to do it for him. “Q When did you agree to do it for him? “A After he finally kept asking me to do him this favor, finally I agreed after five or six times. “Q All right. Now, did you have any heroin in your possession before Morehouse asked you to furnish some to his friend? “A No. “Q Would you have had it in your possession were it not for More-house? “A No, I was on the methadone program. ■ “Q You were not using heroin for yourself? “A No, I wasn’t.”

. With reference to this matter, defendant’s counsel stated to the court: “Your Honor, I ask you to reconsider that because without— our defense is entrapment and without the defendant being able to testify to any conversations he had with the police agent, there can’t even be any presentation of that defense.” After further colloquy defendant’s counsel stated: “But with the knowledge that I can’t present the defense without this deposi-ion, I’ll agree to it being admitted.”