OTT, Judge.
The state seeks reversal of the lower court’s order discharging appellee under the speedy trial rule, Fla.R.Crim.P. 3.191. I agree and reverse the order of discharge.
On July 15, 1976, appellee was arrested for attempted burglary and possession of burglary tools. Under Fla.R.Crim.P. 3.191(a)(1) the speedy trial time period for a felony is 180 days. An information was not filed until September 8, 1976. Finally, on January 10, 1977 appellee was brought to arraignment. Only seven days of the delay from arrest to arraignment were attributable to the appellee. At arraignment the appellee requested and obtained an order allowing a ten-day extension of the time to file motions attacking the sufficiency of the information. (Fla.R.Crim.P. 3.190(c) normally requires such motions to bq made on or before arraignment.) The state’s concurrent motion to toll the speedy trial period during this extension was summarily denied by the trial court. Either by coincidence or design, the last day of the 10-day extension — January 19, 1977 — was also the first day after the applicable speedy trial period (calculated without any effect of the 10-day extension on the speedy trial time prescribed by Fla.R.Crim.P. 3.191). On January 20, 1977 the appellee’s motion for discharge was filed. Prior to the hearing on the motion for discharge, the state filed, and was heard on, its motion to advance the trial date to a time within the speedy trial period (calculated with the speedy trial time being increased by the appellee’s 10-day extension). The lower court felt that the state’s motion was an attempt to “circumvent” the motion for discharge and denied *449 the motion to advance the trial date. The motion for discharge was subsequently granted.[1]
Florida Rules of Criminal Procedure, Rule 3.190(g), defines a continuance as “postponement of a cause for any period of time.” If a continuance or delay is attributable to the accused and is not excused, a pending motion for discharge shall, on motion by the state, be voidable by the court in the interest of justice provided that trial be scheduled and commence within 90 days. Fla.R.Crim.P. 3.191(d)(3).[2]
In the instant case, the trial court granted appellee an additional ten days in which to file a motion to dismiss. We hold that this extension amounted to a continuance or delay by the appellee contemplated by Fla. R.Crim.P. 3.191(d)(3), effectively halted prosecution of the ease and extended the speedy trial time accordingly. It would be inconsistent for the trial court to allow the state to try the defendant within the ten days. The specific language of Fla.R. Crim.P. 3.191(d)(3) states that “[i]f a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days.” Accordingly, the January 20 motion to discharge should have been denied and the state allowed 90 days within which to bring the appellee to trial.
The order of discharge is reversed and set aside and the cause remanded for further proceedings consistent herewith.
BOARDMAN, C. J., concurs specially with opinion.
SCHEB, J., dissents with opinion.

. The trial had been set for March 8. The state moved on January 21 to assign the case to another circuit judge for trial on January 27. This would have satisfied the speedy trial rule in that the seven-day delay plus the ten-day extension moved the 180th day from January 11 to January 28.

. This situation is distinguishable from that where a specific and unconditional waiver is made in writing. See Thompson v. Mitchell, 353 So.2d 664 (Fla.2d DCA 1978).