DANAHY, Judge.
Christopher appeals his conviction for unlawful entry of a dwelling in violation of Section 810.02(3), Florida Statutes (1975), alleging the trial court erred in denying him discharge under Fla.R.Crim.P. 3.191. We agree that appellant should have been discharged.
Appellant, a juvenile, was arrested on September 27, 1977, and subsequently waived to adult division. Appellant filed a motion to dismiss the information on February 22, 1978. On February 28, the state requested a continuance of the motion, and appellant represented that he was prepared to go to trial immediately should the motion be denied. The court denied the motion on March 3. On March 27, the 181st day after arrest, appellant moved for discharge. The trial court denied discharge, finding that this court’s holding in State v. Beckett, 357 So.2d 448 (Fla. 2d DCA 1978), permitted the time of pendency of the motion to dismiss to be charged against appellant.
*98 Since the offense charged was a felony, the state was required to try appellant within 180 days of taking custody, by March 27, 1978. State v. Benton, 337 So.2d 797 (Fla.1976). There was no continuance requested by appellant. State v. Tyson, 334 So.2d 56 (Fla. 4th DCA 1976); Fla.R. Crim.P. 3.191(d)(3). Appellant did not waive operation of the rule. Smith v. State, 345 So.2d 1117 (Fla. 2d DCA 1970); Fla.R.Crim.P. 3.191(d)(2)(i)(iii). The court did not grant an extension of speedy trial time. Stuart v. State, 360 So.2d 406 (Fla.1978); Fla.R.Crim.P. 3.191(d)(2)(ii). Thus the speedy trial time expired on March 26 unless the state showed that appellant was unavailable for trial. Fla.R.Crim.P. 3.191(e).
Defense discovery pending at the expiration of the speedy trial time can show unavailability. Rubiera v. Dade County, 305 So.2d 161 (Fla.1974). Evidence that defendant was not prepared to present a formal trial defense likewise shows unavailability. Hammock v. State, 330 So.2d 522 (Fla. 1st DCA 1976); Brown v. State, 328 So.2d 497 (Fla. 3d DCA 1976). If the defendant precludes trial at the end of the speedy trial period by obtaining an extension to file pre-arraignment motions, he is unavailable at that time and the period is accordingly extended. State v. Beckett, supra.
Below, appellant was avowedly ready for trial, and made no actions of discovery negating that preparedness. The only pending motion was made more than a month earlier, and did not indicate unpreparedness to defend. Unlike Beckett, the state could have tried appellant at the end of the speedy trial period. We decline to extend Beckett to hold that mere filing of a motion to dismiss at an appropriate time extends the speedy trial period.
We also note that other speedy trial problems later arose in this case, but we do not reach these questions in light of our holding above.
Reversed and remanded with instruction to discharge appellant pursuant to Fla.R. Crim.P. 3.191.
OTT, Acting C. J., and RYDER, J., concur.