KEHOE, Judge.
Appellant, State of Florida, brings this appeal from an order entered by the trial court granting appellee’s, defendant below, motion to dismiss the cause and discharge him due to a violation of the speedy trial rule. We affirm.
On February 9, 1978, appellee was taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. Appellant filed an information in this cause on March 1,1978. Thereafter, on March 3, 1978, appellee was brought to arraignment. At the arraignment, the public defender was appointed to represent appel-lee. After the appointment, appellee’s counsel requested and obtained a fifteen day extension of time within which to file motions attacking the information. On March 3, 1978, the trial date was set for March 27, 1978. On the date set for trial, appellant requested a continuance. Subsequently, on August 11,1978, appellee filed a motion to discharge in this cause based on the fact that more than 180 days had elapsed since he was arrested. At the hearing on the motion to discharge, appellant argued that the motion should be denied based on appellee’s having sought and obtained the fifteen day extension of time on March 3, 1978. At the conclusion of the hearing, the trial court, rejecting appellant’s argument, granted appellee’s motion and entered an order dismissing the cause and discharging defendant. From this order, appellant appeals.
Appellant contends that the trial court erred as follows: (1) by granting appellee’s motion to discharge where the record revealed a continuance or delay attributable to appellee; and (2) by granting the motion to discharge where at the time the motion was filed the speedy trial rule period had *960 not expired by virtue of the fifteen day extension granted appellee to file motions attacking the sufficiency of the information.
The basic contentions of appellant in this cause are that appellee’s fifteen day extension, which was granted early in the speedy trial period, constituted an “unexcused continuance” or, alternatively, his “unavailability” for trial under Florida Rule of Criminal Procedure 3.191 (the speedy trial rule). We disagree with these contentions.
In Tucker v. State, 357 So.2d 719 (Fla.1978), the Supreme Court of Florida stated as follows:
“We reject the notion that criminal defendants are to be penalized for moving to dismiss an indictment. The position urged by the state would place an accused on the horns of a dilemma by requiring him to jeopardize his speedy trial rights in order to challenge the state’s right to prosecute. The right to test the legality of the state’s procedure and the right to a speedy trial are independently guaranteed and we cannot accept a construction of our rules that would force a defendant to risk one to obtain the other.” Id. at 720-21.
We believe that the rationale expressed in Tucker, set forth above, requires a different result from that in State v. Beckett, 357 So.2d 448 (Fla. 2d DCA 1978), relied upon by appellant to support its position. (We note that Beckett was decided on March 31, 1978, and Tucker on April 5, 1978.) In Beckett, the defendant was arraigned and then waited until the 171st day of the speedy trial period to move for a 10 day extension within which to attack the information. The trial court in Beckett granted the 10 day extension, but denied the State’s concomitant motion to extend the speedy trial period for the same period. In this case, appellee was arraigned 22 days after his arrest which commenced the running of the speedy trial period, i. e., 180 days. Thus, in this case, at the end of the 15 day extension period, appellant still had 143 days within which to try appellee; however, it failed to do so. In fact, the record shows that on March 3, 1978, a trial date was set for March 27, 1978, but on the trial date appellant requested a continuance. The record further shows no continuances thereafter or any other conduct by appellee which prevented appellant from bringing him to trial.
In the light of the rationale set forth above in Tucker, i. e., a defendant should not be penalized for seeking to attack an indictment, in our opinion, under the facts of this case, the trial court properly granted appellee’s motion to dismiss the case and discharge him. We do not believe that where, under circumstances such as here, defendant’s act timely and in good faith to protect one important right, i. e., the right to attack the information with the aid of counsel, they should have to forfeit another important right, i. e., the right to a speedy trial. Under other circumstances, e. g., as in Beckett, we might reach a different result. See generally Jones v. State, 289 So.2d 725 (Fla.1974); State v. Edwards, 233 So.2d 393 (Fla.1970); Mulryan v. Judge, Division “C” Circuit Court of Okaloosa County, 350 So.2d 784 (Fla. 1st DCA 1977); State v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975); Sumbry v. State, 310 So.2d 445 (Fla. 2d DCA 1975); and Saviano v. State, 287 So.2d 102 (Fla. 3d DCA 1973).
Affirmed.