377 So.2d 45 (1979)
The STATE of Florida, Appellant,
v.
Efren YERO, Appellee.
No. 79-164.
District Court of Appeal of Florida, Third District.
November 27, 1979.
Janet Reno, State's Atty., and Arthur Joel Berger, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
PER CURIAM.
The State appeals an order discharging the appellee for its failure to bring him to trial within the period provided for speedy trial. See: Rule 3.191, Rules of Criminal Procedure. The trial court found, among other things:
.....

*46 "1. That the Defendant, a juvenile, was arrested and taken into custody for the alleged misconduct, which forms the basis of the above-styled cause, on the 12th day of July, 1978.
"2. That the incident, which forms the basis of the charge in the above-styled cause, is alleged to have occurred on the 8th day of February, 1978.
"3. That a Petition for Delinquency and a Motion for Order Waiving Jurisdiction was timely filed in the Juvenile Division of the Circuit Court by the Office of the State Attorney on the 7th day of August, 1978.
.....
"11. That at no time during the pendency of this cause, did the defense request a continuance or indicate any nonavailability for trial. In addition, throughout the pendency of this cause the Defendant was available for trial as he was incarcerated in the Dade County Jail."
.....
The State, in this appeal, has presented three points of alleged error: 1. That the court's action in granting the State's motion for continuance due to unavailability of an essential witness should be construed as an extension of the speedy trial rule for extraordinary circumstances; 2. That the defendant's moving for and receiving fifteen additional days to file motions attacking the sufficiency of the information extended the time (in fact, no motions were filed); 3. That, in fact, the defendant was unavailable for trial because of some contention that he was not available because he was incarcerated in another County other than Dade as a juvenile and, therefore, he was not available for trial during the crucial period of 180 days.
We find no merit in the first two points. State v. J.H., 295 So.2d 698 (Fla. 1st DCA 1974); Stuart v. State, 360 So.2d 406 (Fla. 1978); Christopher v. State, 369 So.2d 97 (Fla. 2d DCA 1979); State v. Thurston, 372 So.2d 959 (Fla. 3d DCA 1979). As to the third point, an appellant has the burden of demonstrating error in a trial court's ruling. See: State v. Hill, 76 So.2d 155 (Fla. 1954); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972); State v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978); Stuart v. State, 360 So.2d 406 (Fla. 1978). On this record, the appellant has failed to meet this burden and, therefore, the trial judge's findings and order of discharge should not be disturbed by this court.
Affirmed.