413 So.2d 1275 (1982)
Ernest Eugene WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. AK-217.
District Court of Appeal of Florida, First District.
May 14, 1982.
Ernest Eugene Watkins, pro se, for appellant.
No Appearance for appellee.
*1276 SHIVERS, Judge.
The trial court summarily denied appellant's motion for post-conviction relief, filed pursuant to Rule 3.850, Fla.R.Crim.P. On appeal, the issue before this court is whether or not the motion was legally sufficient to require the trial court to attach portions of the file or record to the order, showing conclusively that appellant was not entitled to relief, or to conduct an evidentiary hearing on the motion. Meeks v. State, 382 So.2d 673 (Fla. 1980).
Appellant has raised five grounds for relief. We find three of these grounds to be facially insufficient. First, the allegations regarding ineffective assistance of appellant's trial counsel are not adequately detailed in the pleading to require further inquiry by the lower court. Knight v. State, 394 So.2d 997 (Fla. 1981). Second, appellant has raised, as "Grounds 4 and 5," matters which were reviewable on direct appeal from the judgment and sentence, and which will not support a collateral attack. See, Hargrave v. State, 396 So.2d 1127 (Fla. 1981); Adams v. State, 380 So.2d 423 (Fla. 1980); Spenkelink v. State, 350 So.2d 85 (Fla. 1977); State v. Matera, 266 So.2d 661 (Fla. 1972).
The two remaining grounds raised by appellant challenge the legality of his sentence. These issues are properly raised in a motion for post-conviction relief, and we find that the allegations made by appellant establish prima facie grounds for relief. Initially, appellant contends that he was convicted and sentenced on five separate counts, some of which contained lesser included offenses of the others. Appellant has listed the five offenses, but not the statutory sections under which he was convicted. From the face of appellant's motion it appears that some of these crimes may be lesser included offenses of the others, depending upon the accusatory pleading and/or the evidence presented at trial. Thus, if appellant's claim, that he was convicted and sentenced on lesser included offenses, is true, the convictions would be allowed to stand, but the sentences for the lesser included offenses would have to be vacated. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); State v. Monroe, 406 So.2d 1115 (Fla. 1981). However, it is impossible to determine the merit of appellant's contentions without the aid of, at least, the charging instrument, and possibly portions of the trial transcript. Therefore, it was error for the lower court to fail to attach these supporting documents.
Appellant's second contention regarding the illegality of his sentence is that the trial court improperly imposed two mandatory minimum three year sentences, pursuant to section 775.087(2), Florida Statutes, on the first two counts for which appellant was convicted. If the crime charged in the second count is a lesser included offense of the crime charged in the first count, the second mandatory sentence was improperly imposed, and would also have to be vacated. See, Foster v. State, 409 So.2d 1132 (Fla. 4th DCA 1982).
Accordingly, the order of the court below is AFFIRMED in part, REVERSED in part, and REMANDED for attachment of those portions of the file and record which conclusively show appellant is entitled to no relief; or for an evidentiary hearing.
McCORD and MILLS, JJ., concur.