PER CURIAM.
In this appeal from the trial court’s summary denial of his motion for post-conviction relief, Florida Rule of Criminal Procedure 3.850, appellant contends that the trial court erred in adjudicating him guilty of and sentencing him for the crimes of burglary with intent to commit assault and sexual battery. Depending upon the accusatory pleadings and the evidence presented at trial, the charge of sexual battery may or may not be a lesser-included offense of burglary while committing an assault. See, e.g., McElveen v. State, 415 So.2d 746 (Fla. 1st DCA, 1982). Here, however, it is impossible to determine the merits of appellant’s contentions without the aid of, at the very least, the charging instrument, and possibly portions of the record. Compare Watkins v. State, 413 So.2d 1275 (Fla. 1st DCA 1982).
Accordingly, we reverse and remand to the trial court for attachment of those portions of the record which effectively refute appellant’s claim or for an evidentiary hearing upon his allegations.
McCORD, MILLS and SHIVERS, JJ., concur.