SCHEB, Acting Chief Judge.
James Fuller, Jr. challenges the trial court’s summary denial of his motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850.
Fuller was convicted of several offenses and sentenced on December 29, 1982. He contends that some of the crimes for which he was convicted may be lesser included offenses of his other convictions. This allegation, if true, would entitle him to relief under Rule 3.850. However, it is impossible for us to determine the merit of his contentions without the aid of, at least, the charging documents), and possibly other portions of the record. Watkins v. State, 413 So.2d 1275 (Fla. 1st DCA 1982). Therefore, it was error for the trial court to fail to either conduct an evidentiary hearing or to attach the necessary supporting documents to its order.
Accordingly, we reverse the trial court’s denial of Fuller’s motion and remand the case to the trial court. On remand the court may either again summarily deny the motion and attach to its order those portions of the record which conclusively show defendant is not entitled to relief, or it may hold an evidentiary hearing and then rule on the ground alleged in Fuller’s motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982), and VanBever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review Fuller must appeal the new ruling of the trial court.
SCHOONOVER and LEHAN, JJ., concur.