462 So.2d 31 (1984)
Tyrone Martinez HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. BA-250.
District Court of Appeal of Florida, First District.
December 17, 1984.
Rehearing Denied January 30, 1985.
Tyrone Martinez Howard, pro se.
No appearance for appellee.
MILLS, Judge.
Howard appeals from the summary denial of his Rule 3.850 motion for postconviction relief. We affirm.
In his motion, Howard alleges numerous grounds, including ineffective assistance of counsel based on counsel's alleged failure to procure two vital witnesses for trial. With regard to all but the latter ground, we agree with the trial court that they could have been raised on direct appeal and so may not properly be raised in a subsequent motion for postconviction relief. See Alday v. State, 431 So.2d 714 (Fla. 1st DCA 1983).
However, the trial court was incorrect in holding that the allegation of ineffective assistance of counsel was inappropriately raised in this 3.850 motion. In fact, inadequacy of counsel cannot be raised for the first time on direct appeal since it is a matter which has not previously been ruled on by the trial court. State v. Barber, 301 So.2d 7, 9 (Fla. 1974). The proper medium by which to raise the issue *32 is by motion under Rule 3.850. See Whitaker v. State, 433 So.2d 1352, 1353 (Fla. 3d DCA 1983). Nevertheless, the question remains of whether Howard stated sufficient factual information regarding the alleged ineffective assistance so as to render the motion facially sufficient. If allegations of ineffective assistance of counsel are not adequately detailed, further inquiry by the trial court is not required. See Watkins v. State, 413 So.2d 1275, 1276 (Fla. 1st DCA 1982). We find that Howard's motion fails on this point.
A movant alleging ineffective assistance of counsel must fulfill these requirements: 1) the specific omission or overt act upon which the claim is based must be detailed in the appropriate pleading; 2) the defendant must show that this specific omission or overt act was a substantive and serious deficiency measurably below that of competent counsel; and 3) the defendant must show that this specific, serious deficiency, when considered under the circumstances of the individual case was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). Failure to meet these standards will support the summary denial of a Rule 3.850 motion alleging ineffective assistance of counsel. See Moore v. State, 431 So.2d 713 (Fla. 1st DCA 1983).
Howard has failed to meet the first standard upon which all the others rely; namely, he did not provide the details of the specific omission upon which the claim is based. The motion alleges that "[p]etitioner was denied the right to effective assistance of court-appointed counsel by virtue of the fact that counsel was unprepared for trial, through the lack of investigation." Howard provides some elaboration on this statement in an attached memorandum of law when he states that "his attorney was not prepared for trial do [sic] to the lack of investigation and preparation for trial, petitioner made defense counsel awear [sic] of the fact that he had two very important witnesses to testify in his behalf namely (Ruth and Raymond Jones)." However, he does not describe the circumstances under which counsel was made aware of the witnesses, what they would have testified to, or any factual details surrounding them. We must therefore find that Howard did not provide sufficient details of the omission on which his claim is based, falling short of the Knight standards. A summary denial of his motion was proper.
We note that the motion was not denied on the basis outlined above however, but on the incorrect ground of failure to raise ineffective assistance of counsel on appeal. We nevertheless affirm, based on the principle that "[e]ven though the trial judge may have denied relief upon the wrong principle, it appears that his decision was correct ... and therefore under the doctrine that even if the wrong reasons were given, the right result is obtained, the order ... should be affirmed." Whitney v. State, 184 So.2d 207, 209 (Fla. 3d DCA 1966).
SHIVERS and WENTWORTH, JJ., concur.