847 So.2d 587 (2003)
Jessie L. DORSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1614.
District Court of Appeal of Florida, Fifth District.
June 20, 2003.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Jessie L. Dorsey appeals his conviction of sexual battery on a child under twelve years of age. He contends that his right to a speedy trial was violated due to ineffective assistance by trial counsel. We affirm.
Dorsey was arrested on February 9, 2001, and charged with sexual battery. The public defender's office for the Fifth Circuit was appointed to represent him. Mark Nacke, an assistant public defender in the Lake County public defender's office, was assigned to Dorsey's case. Because his sister worked as a corrections officer at the Lake County jail, Dorsey was held in the Sumter County jail.
On March 19, 2001, Dorsey's attorney entered a plea of not guilty on Dorsey's behalf and requested fifteen days within which to file motions directed to the sufficiency of the charges pursuant to Florida Rules of Criminal Procedure 3.190(c) and 3.050. On July 2, 2001, Hugh Lee, a Sumter *588 County assistant public defender, visited Dorsey in the Sumter County jail to discuss the case at Nacke's request. Dorsey contends that, because he was housed in Sumter County, while Nacke's office was in Lake County, communications between the two were minimal. On August 27, 2001, Dorsey wrote to the trial judge, expressing frustration about the slow progress of his case and his limited knowledge as to its status. On September 6, 2001, Dorsey again wrote the trial judge, explaining that he had been in custody for 208 days, and, with the exception of a bond hearing, had not heard from his attorney. Dorsey advised the trial judge that assistant public defender Lee had visited him once and asked him to waive his right to a speedy trial, but Dorsey claimed that he had not waived, and would not waive, his speedy trial rights.[1]
On November 19, 2001, Dorsey again wrote the trial judge, complaining that he had been incarcerated for nine months, had not been permitted to attend any of the pretrial hearings that had occurred in his case, and had not spoken with his attorney. He asked the court to appoint a "better" attorney for him. Understandably frustrated, on April 4, 2002, Dorsey filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of trial counsel. While his motion was procedurally flawed, it clearly advised the court of Dorsey's concern about his limited contact with his attorney and further asserted that he had asked his attorney to move for a discharge on speedy trial grounds, but that Nacke had failed to do so. The record does not indicate if the court determined whether Dorsey's concern about the representation he was receiving was well founded or not, as required by Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
The case proceeded to trial on April 9, 2001. Prior to trial, Nacke asked the court to address Dorsey's rule 3.850 motion, but the court declined to do so until after the jury had been sworn. When the matter was discussed, it became apparent that Dorsey and his attorney had conflicting views about whether Dorsey had authorized speedy trial to be waived. Dorsey maintained that he had not waived his right to a speedy trial and had not authorized his attorney to waive it on his behalf. Conversely, Nacke asserted that in a conversation with assistant public defender Lee, Dorsey had authorized a waiver of his speedy trial rights. The court heard no evidence on the matter.
While no explicit ruling was made by the court, apparently, the court found Dorsey's position unavailing, as the matter proceeded to trial. Dorsey was convicted, and now argues that his constitutional right to a speedy trial was violated. The State responds by arguing that when Dorsey's attorney entered a plea of not guilty and requested fifteen days within which to file defensive pleadings, Dorsey waived his right to a speedy trial. We disagree. While a continuance granted at the request of the accused constitutes a waiver of the right to a speedy trial under Florida Rule of Civil Procedure 3.191, see Stewart v. State, 491 So.2d 271 (Fla.1986), here, there is no evidence that Dorsey, or his attorney, ever requested a continuance. We do not believe that by requesting fifteen days within which to attack the sufficiency of the information, Dorsey waived his speedy trial rights. See Tucker v. State, 357 So.2d 719 (Fla.1978); State v. *589 Thurston, 372 So.2d 959 (Fla. 3d DCA 1979) (fifteen-day extension of time granted to defendant to file motions attacking the information did not constitute an "unexcused continuance" or, alternatively, did not render defendant "unavailable" for trial under the speedy trial rule, and, therefore, defendant was entitled to discharge where he was not brought to trial within 180 days after his arrest notwithstanding fact that defendant obtained such extension); but see State v. Beckett, 357 So.2d 448 (Fla. 2d DCA 1978) (ten-day extension, granted on defendant's request to allow defense to file motions attacking sufficiency of information, amounted to a continuance or delay by defendant, effectively halting prosecution, and extending speedy trial time accordingly).
Although we conclude that Dorsey's request for additional time within which to file defensive motions did not waive his right to a speedy trial, on the record before us, we are unable to determine whether Dorsey authorized his attorney to waive his speedy trial rights, as Nacke contended. That matter, along with Nacke's alleged failure to communicate with Dorsey, or to ensure that he was transported to court for pretrial hearings, is best left for resolution in a postconviction proceeding pursuant to Florida Rule of Criminal Procedure 3.850.
This court generally does not address ineffective assistance of counsel claims on direct appeal. See State v. Barber, 301 So.2d 7 (Fla.1974); Howard v. State, 462 So.2d 31 (Fla. 1st DCA 1984). Rather, the issue is more properly raised in a rule 3.850 motion for postconviction relief because it requires an evidentiary hearing on Dorsey's claim that he did not waive his speedy trial rights and a determination of his attorney's effectiveness under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We find the other issue Dorsey raised to be without merit. We affirm Dorsey's conviction without prejudice to litigate the matter in a timely rule 3.850 proceeding.
AFFIRMED.
SHARP, W. and PETERSON, JJ., concur.
NOTES
[1] About this same time, a hearing occurred on Dorsey's motion for a statement of particulars but for reasons not apparent in the record, Dorsey was not transported from the jail to attend the hearing.