366 So.2d 411 (1978)
STATE of Florida, Appellant,
v.
William BARNETT, Glenn DeVore, Ronnie Long, Edward Salem, John Sheppard, and Robert Tolar, Appellees.
Nos. 51664 to 51669.
Supreme Court of Florida.
December 21, 1978.
*413 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Robert R. Hagaman of Schryver, Hagaman & Aaron, Naples, for William Barnett.
Julian Clarkson and Frank C. Alderman, III, Fort Myers, for Glenn DeVore and Edward Salem.
E.G. Couse of Grace & Couse, Fort Myers, for Ronnie Long, John Sheppard and Robert Tolar.
HATCHETT, Justice.
The State of Florida seeks review of an order of the trial court dismissing the informations in this case on the ground that Section 849.25(3), Florida Statutes (1975), is unconstitutionally vague. This court has jurisdiction pursuant to Article V, Section 3(b)(1). We determine that the statute is constitutional, and remand the case to the trial court.
The defendants in this case were charged by statewide grand jury with bookmaking. The trial court dismissed these initial indictments determining that the indictments did not affirmatively show that the statewide grand jury had jurisdiction to act.[1] Subsequently, new indictments were returned. Again the trial court granted motions to dismiss concluding that the indictments were vague. The state filed an appeal in the district court to review the dismissal of these indictments, and also filed a motion to toll the speedy trial time pending the appeal, which the trial court denied. The appellate court, prior to considering the case on the merits, entered an order finding that the trial court should have tolled the speedy trial time, and ordered that the speedy trial time period should be extended until 90 days after the issuance of the mandate of the appellate court. Ultimately, the district court affirmed the trial court's order, agreeing that the indictments were vague and indefinite.[2] The state did not file a petition for certiorari in this court, but rather, returned to the trial court and filed new informations against each of these defendants. The defendants filed new motions to dismiss which the trial court granted on three grounds: (1) that Section 849.25(3), Florida Statutes (1975), is unconstitutionally vague; (2) that the informations were facially insufficient; and (3) that the speedy trial time had expired.[3]
Section 849.25(3), Florida Statutes (1975) states:
(3) Whoever engages in bookmaking to the extent that in any one day he receives or accepts more than five bets or receives bets totaling more than $500, or engages in a common bookmaking scheme with three or more persons, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Any person who, having been convicted of violating this section, thereafter violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The term "bookmaking" as used in the statute is defined in Section 849.25(1), Florida Statutes (1975), which reads:
(1) As used in this section, the term "bookmaking" shall be deemed to be the taking or receiving of any bet or wager upon the result of any trial or contest of *414 skill, speed, power, or endurance of man, beast, fowl or motor vehicle.
The trial court did not set forth its reasons for finding the statute to be unconstitutional, but apparently based its order on uncertainty as to the meaning of "common bookmaking scheme." However, we hold that this term is sufficiently clear from the language in the statute, and requires proof that the accused engaged in a joint plan with three or more persons to take or receive wagers upon the result of those kinds of contests set forth in the statute. The language and intent of the statute is sufficiently clear to meet the strict test applied by this court when examining whether the language of a penal statue is sufficiently definite to apprise our citizens as to what conduct is prohibited. State v. Wershow, 343 So.2d 605 (Fla. 1977).
The new informations in this case charge that each defendant:
... On January 1, 1976 and January 18, 1976 and upon diverse days intervening between those days in the county and state aforesaid did unlawfully and feloniously engage in a common bookmaking scheme with three or more persons involving the taking or receiving of bets or wagers on the result of college or professional games ...
The trial court found these informations to be insufficient upon the authority of State v. Whisnant, 80 So.2d 611 (Fla. 1955), and State v. Barnett, 344 So.2d 863 (Fla. 2nd DCA 1977).[4] When the state filed these new informations, it had attempted to cure the defects previously noted by the district court, specifically alleging that the wagers were received on the results of college or professional games; that the crimes were committed on various days during a two week period; and that the crimes were committed in Lee County. The trial court in its order did not state the specific manner in which the new informations were insufficient. The defendants argue that, although certain defects may have been cured, the state failed to name three or more persons with whom each defendant engaged in a bookmaking scheme. Further, they argue that if such persons are unknown, that fact should be specified in the information.
Clearly, under this statute, the state must allege and prove at trial that each defendant engaged in a common bookmaking scheme with three or more persons. However, it is not essential for the state to prove the identity of these other persons. A conviction under this statute may be met by the introduction of sufficient direct or circumstantial evidence to prove the defendants engaged in a common bookmaking scheme with three or more other persons. If the names of these other persons are known to the state, the defendants may obtain this information through a bill of particulars or through discovery pursuant to Fla.R.Crim.P. 3.220. We therefore hold that the informations charging the defendants in the present case with a violation of Section 849.25(3), Florida Statutes (1975), are sufficient to inform them of the nature of the crime with which they are charged.
The final and most difficult question concerns whether the trial court properly discharged the defendants from prosecution on the ground that the speedy trial time limit had expired. The dates pertinent to the resolution of this question are as follows: the defendants were taken into custody for the alleged criminal acts charged in the information on March 26, 1976; on July 8, 1976, the state filed a motion to toll the speedy trial time limits pending the appeal of the order dismissing the indictments; the trial court denied this motion on July 14, 1976; the appellate court's order, which determined that the trial court should have *415 extended the speedy trial time, was entered on September 21, 1976; the mandate of the district court affirming the trial court's dismissal of these indictments was received by the trial court on March 16, 1977; the present informations were filed on April 1, 1977; the defendants filed motions to dismiss these informations on April 15, 1977; and the order dismissing the informations and discharging the defendants from prosecution under the speedy trial rule was entered April 28, 1977.
The speedy trial rule was adopted by this court in order to promote the efficient operation of the criminal justice system in this state as well as to minimize the hardships imposed on accused persons resulting from lengthy delays while awaiting trial. State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976). Fla.R.Crim.P. 3.191(d)(2) expressly contemplates the extension of the speedy trial limits during the pendency of an appeal by the state of an interlocutory order of the trial court. Since questions arose as to whether this section included appeals by the state from orders dismissing indictments or informations, this court clarified the rule so as to specifically include such appeals. The Florida Bar, Re: Florida Rules of Criminal Procedure, 343 So.2d 1247, 1256 (Fla. 1977). Fla.R.Crim.P. 3.191(d)(2) as amended states:
RULE 3.191. SPEEDY TRIAL
(d)(2) When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, for an appeal by the State from an order dismissing the case, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.
Committee Note
An appeal by the State from an order dismissing the case constitutes an interlocutory appeal, and should be treated as such. The additional phrase removes any ambiguities in the existing rule.
This court in State v. Williams, 350 So.2d 81 (Fla. 1977), recently noted that this section provides for the extension by the trial court of the speedy trial limit for a period of time necessary to complete appellate procedures. In that case, the 180 day time limit was extended by the trial court so as to exclude the period beginning on the day the trial court granted the state's motion for extension of the speedy trial time limits until the date the trial court received the mandate of the appellate court. Once the mandate was received, the speedy trial time recommenced to run, and required the state to bring the case to trial within the time remaining of the original 180 days.
In Williams, this court indicated that under 3.191(d)(2), the speedy trial time periods are not automatically tolled by the filing of an interlocutory appeal by the state.[5] Rather, these time limits may be extended only by an order of the trial court. In Williams the trial court had properly granted the state's motion for an extension of time, and therefore, we did not need to consider the issue, which we must address here, as to the effect of a trial court's improper denial of a motion by the state for extension of time. The district court resolved that question in this case by merely granting an additional 90-day period from the date of its mandate. However, we determine *416 that such an extension by the appellate court is not within the contemplation of the speedy trial rules. We conclude that an extension of the speedy trial time under this section may be granted only by the trial court, subject to review by the appellate court.[6] If the state files a motion to extend the time limit under this rule on the ground that it has filed a proper interlocutory appeal, or an appeal from an order dismissing the case, a trial court must grant this extension for the period necessary to complete the appellate proceedings, unless it makes a factual determination that the appeal is being taken for the purpose of delay, upon grounds which are frivolous and not fairly debatable. If the appellate court, upon an examination of the trial court's order and the circumstances of the case, determines that the trial court improperly denied the extension of time, it shall reverse the trial court's order, remanding the case to the trial court with instructions to enter an order of extension commencing from the date of the state's motion.[7]
In the present case, a period of 105 days of the 180 days available under the speedy trial rule had already elapsed between the date the defendants were arrested and the date that the state filed its motion for extension of time during the pendency of its appeal. From that date until the mandate was received by the trial court affirming the dismissal of the indictments, the speedy trial time periods should have been tolled. Upon receipt of this mandate on March 16, 1977, the state had 75 days left within which to file new informations and bring the defendants to trial. The state filed new informations on April 1, 1977. On April 15, 1977, the defendants filed motions to dismiss the informations which the trial court granted on April 28, 1977, holding the bookmaking statute to be unconstitutional, determining the informations to be facially insufficient and discharging the defendants from prosecution for violation of their speedy trial rights. However, the trial court's order of discharge was erroneous since the speedy trial time limit did not expire until May 30, 1977.
Unfortunately, our determination that the trial court improperly granted the defendants' motions for discharge for violation of their speedy trial rights does not resolve the problems presented by this difficult case. We must also answer the additional question of whether or not it is necessary for the state to apply for an extension of the speedy trial time limits when it wishes to take an appeal from an erroneous order of the trial court granting the discharge of a defendant under the speedy trial rule. In the present case, no application to the trial court for an extension during the pendency of the appeal to this court appears in the record, nor has the state made any motion for extension in this court. The Fourth District Court of Appeal in State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976), noted that the speedy trial rules are silent with respect to the effect of the filing of a notice of appeal from an order discharging the defendant because of the expiration of the speedy trial limits. The district court held that, as with any other *417 interlocutory appeal taken by the state in a criminal case, the state must also file a motion for extension of the speedy trial time limits with the trial court in order to toll the running of the 180 day period during the pendency of that appeal. We agree with the district court that the speedy trial rules are silent with regard to whether the state must apply for an extension when it wishes to appeal an erroneous order of the trial court discharging a criminal defendant from prosecution under the speedy trial rule. However, we find that there are sufficient policy considerations distinguishing appeals taken by the state following a trial court's order discharging a defendant under the speedy trial rule provisions from all other types of appeals taken by the state in criminal cases. Generally, a motion for discharge will be filed immediately prior to the commencement of trial.[8] In most cases, there will be little or no time left under the original 180 days, so that any extension of time would be meaningless. Further, the delay caused by such an erroneous discharge has in no way been predicated upon some error or misjudgment made by the prosecution. The speedy trial time limits are not automatically tolled upon the filing of an interlocutory appeal by the state under other circumstances because we do not wish to encourage prosecutors to file interlocutory appeals solely for the purposes of delay.[9]
Rather, the state must also file for an extension of time, and prove to the trial court that such an appeal is not frivolous, nor taken solely for the purposes of delay. This policy consideration is inapplicable to appeals taken by the state from erroneous orders discharging defendants from prosecution.[10]
In the present case, the trial court improperly granted the defendants' motions for discharge. Therefore, we remand the case to the trial court for a trial of these defendants for bookmaking. In order to allow the trial court to have sufficient discretion in setting a convenient trial date, without undue disruption of its docket calendar, we order that the defendants be brought to trial within a reasonable time of receipt of our mandate, not to exceed 90 days.[11]
It is so ordered.
*418 ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
ADKINS, J., concurs in result only.
The Petitions for Rehearing are hereby denied.
ENGLAND, C.J., BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Appellee Barnett's dismissal was reversed in State v. Barnett, 339 So.2d 1159 (Fla. 2nd DCA 1976), but only after the state had obtained a new indictment against appellee for the same crime.
[2] State v. Barnett, 344 So.2d 863 (Fla. 2nd DCA 1977).
[3] The trial court believed that the 90 day extension ordered by the district court was applicable only if the state prevailed in its appeal.
[4] In State v. Barnett, supra, the Second District Court of Appeal upheld the trial court's dismissal of the prior indictments charging the defendants with these same offenses, on the grounds that they were so vague as to prejudice the defendants in their ability to prepare a proper defense. The district court noted (1) that the indictments failed to specify the nature of the contests upon which wagers were received; (2) that they failed to allege the crimes were continuing over a period of time between the dates specified in the indictment; and (3) they failed to allege sufficient venue.
[5] We note that there has developed an apparent conflict on this issue among the district courts of appeal. See State v. Pearce, 336 So.2d 1274 (Fla. 1st DCA 1976); State v. Cannon, 332 So.2d 127 (Fla. 4th DCA 1976).
[6] Although the recently adopted Appellate Rule 9.140(c) does not expressly contemplate an appeal by the state from a trial court's order denying such an extension, the appellate court may review such an order as a matter pendent to the appeal itself. See, Fla.R.App.P. 9.110(h) which provides for discretionary appellate review of any ruling occurring prior to filing a notice of appeal. This extension of the speedy trial limits during the pendency of appellate proceedings is similar to the provisions in Fla. R.App.P. 9.310, authorizing stays pending appellate review.
[7] The extension should be granted from the date of the state's motion for a continuance until the receipt by the trial court of the appellate mandate. Although the speedy trial rule does not state that such an extension should be computed from the date of the state's motion, we believe it unfair to the state to allow the time limits to continue running during the trial court's consideration of that motion, usually necessitated by opposition to the extension by the defendant. We did not need to consider this issue in State v. Williams, 350 So.2d 81 (Fla. 1977) since the trial court granted the motion for extension on the same day it was filed. Of course, trial courts should rule on these motions for extension as quickly as possible.
[8] As with any other pre-trial motion, the trial court may grant sua sponte or upon motion by the state an extension of the speedy trial limits under Fla.R.Crim.P. 3.191(d)(2) for a reasonable time in order to conduct a hearing on the merits of the defendant's motion for discharge. Therefore, the court can insure that the speedy trial limit does not expire during the pendency of a determination on the defendant's motion for discharge.
[9] If prosecutors wait until the last minute to file informations or indictments, they may later regret the short time remaining within which to bring a defendant to trial following the receipt of the mandate from the appellate court following an interlocutory appeal of an adverse ruling on a defendant's pre-trial motion.
[10] We determine that these circumstances are comparable to those contemplated in Fla.R. Crim.P. 3.191(d)(3) which states:

If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a co-defendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days.
and Fla.R.Crim.P. 3.191(g) which states:
A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.
Both of these provisions provide for extra 90 day periods because of the likelihood that the original speedy trial time limits have been exhausted, and because the added delay is not attributable to actions by the prosecution.
[11] Our decision here is consistent with the flexible approach taken by this court most recently in Tucker v. State, 357 So.2d 719 (Fla. 1978) in which we declined to discharge a defendant by retroactively applying an express clarification of Fla.R.Crim.P. 3.191(d)(2). There, the state and the district court had relied upon a reasonable but mistaken interpretation of that speedy trial provision concerning its applicability to orders dismissing indictments and informations. In the present case, a somewhat different approach has been taken, because the prosecution properly applied for an extension of the speedy trial limits during the pendency of appellate proceedings. The rights granted to criminal defendants under our speedy trial rule are based upon this court's constitutional rule making power, rather than strictly upon our state and federal constitutional speedy trial provisions. Therefore, this court may modify and construe these rules in a more flexible manner in order to better achieve the public policy goals for which they were created.