548 So.2d 709 (1989)
The STATE of Florida, Appellant,
v.
Carlos PAUTIER, Ramon Saavedra and Juan Rivero, Appellees.
No. 88-1821.
District Court of Appeal of Florida, Third District.
August 1, 1989.
Rehearing Denied October 4, 1989.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Maria Brea Lipinski and John H. Lipinski, Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, Bierman, Shohat & Loewy and Edward R. Shohat and Ira N. Loewy, Miami, Armando Gutierrez, Coral Gables, for appellees.
Before HUBBART, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
The State appeals a final order of dismissal. The order of dismissal was based on the State's failure to produce a confidential informant for an in camera examination. We reverse.
As a preface to this opinion, we state that we hope this is an isolated example of prosecutorial indifference to court orders. Indeed, the State supplied the entire grounds upon which this appeal was taken. If only the office of the prosecution had followed an order of court, there would be no appeal. It did not, so we must write.
On January 28, 1988, the State filed a two-count information against defendants Carlos Pautier, Ramon Saavedra, Juan Rivero, and Laureano Molina. The information charged defendants with conspiracy to traffic in cocaine and trafficking in cocaine. Defendant Molina is not a party to this appeal.
On May 6, 1988, Rivero filed a motion for disclosure of the identity of a confidential informant. The grounds for Rivero's motion were: (1) lack of knowledge regarding the cocaine; and, (2) "no direct evidence" linking him to the cocaine other than a statement by the key police officer that Rivero had told the officer that "they have the merchandise." The only witnesses to this alleged statement were the key police officer, Molina, Pautier, Rivero, and the confidential informant. The motion asserted that if the confidential informant testified truthfully, he would testify that Rivero did not make this alleged statement.
*710 The State objected to the defense asserted in the motion and the motion's lack of verification. Later, the State acquiesced and admitted to the trial court that perhaps the motion was sufficient and that an in camera inspection would be a practical solution.
On May 16, 1988, Saavedra, too, moved for disclosure of the identity of the confidential informant. Saavedra's defense was based on entrapment and set forth, rather effectively, his grounds. The State objected to the sufficiency of Saavedra's motion as not being verified.
At this juncture, the trial court ordered that it would hold an in camera hearing with the confidential informant. This order was based upon the two motions of Rivero and Saavedra. The trial court, concerned about the upcoming trial date, attempted to establish a time table. It stated:
He will give me the confidential informant within a reasonable time after today and within a reasonable time in advance of trial in order for you to be prepared on June 27th. How about that?
Subsequently, Rivero supplied an affidavit to comply with the requirement that the motion be verified. In the affidavit Rivero alleged that he never made a statement regarding having the merchandise. Saavedra also supplemented his motion with an affidavit. Saavedra's affidavit stated that he put the confidential informant in touch with a cocaine supplier only because the confidential informant owed him money and had been pressuring him.
Thereafter, on June 14, 1988, Pautier filed his unsworn motion for disclosure of the confidential informant. Pautier's defense was lack of knowledge and "no direct evidence" linking him to the cocaine other than a statement by the police officer that Pautier had asked the officer whether he had "brought the money?" Pautier alleged that the confidential informant, having been present, would refute the statement having been made at all. At a subsequent hearing, the trial court indicated that it would also consider Pautier's proposed defense, in its in camera examination of the confidential informant.
During a period of 39 days, May 19 through June 27, the trial court thrice tried to schedule the in camera examination. On one occasion, the confidential informant failed to show up for the scheduled examination because he was making another drug deal. On a second occasion, the confidential informant was brought in late and the trial court could not see him because it was conducting a trial. On a third occasion, the confidential informant was unavailable for the scheduled hearing because he was intoxicated. Further, the State informed the court that for the past week, the police had been unable to locate the informant.
On June 27, 1988, the date the case was set for trial, the State still had not produced the confidential informant for the court-ordered in camera examination. This cold record resonates with the frustration of the patient and persevering trial court, which stated:
The confidential informant, despite repeated schedules, repeated dates for which he was scheduled to appear, has not appeared.
I have told [the Assistant State Attorney] ... that I would give him just a couple of more days, or if not, I would dismiss the case.
So, you notify [the Assistant State Attorney], that I am setting this for Wednesday. If the confidential informant is not here on Wednesday, after repeated times that he was scheduled before me, I will dismiss the case because that is what the State wants me to do by their inaction, okay?
Two days later, on June 29, 1988, after giving the State notice of its intent to dismiss the case if the confidential informant were not produced for the in camera hearing, the trial court dismissed the case against Rivero. The court explained:
Based on the fact the court ordered that the confidential informant should be made available for an in camera inspection and based on the fact that at least on two occasions the police agencies refused *711 to bring him over and on one occasion brought him over late and took him back before I had a chance to speak to him, I consider those willful intentions to defy my order to disclose the confidential informant for an in camera inspection, and the state's refusal to disclose that requires me or allows me to exercise my discretion pursuant to Florida Rules of Criminal Procedure, the discovery rules in cases... . (Citations omitted).
The state not having met its burden to show that there was no prejudice to the Defendants, the motions having shown prejudice to the Defendants. (Citations omitted).
This court having found based on allegations sworn to by the Defendant showing that the informant is a material witness to the trial, and the state not having made a good faith attempt to locate the informant after a court order, are hereby  I have no choice but to exercise my discretion and dismiss the case against Juan Rivero.
At the same hearing, the court dismissed the cases against Saavedra and Pautier pursuant to their motions to dismiss.[1]
We hold the trial court was correct in determining that the appellees' motions were sufficient to order an in camera hearing. In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the United States Supreme Court ruled that the privilege a state enjoys of nondisclosure regarding the identity of a confidential informant must give way when the content of the informant's communications is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause.
In State v. Zamora, 534 So.2d 864 (Fla. 3d DCA 1988), this court distinguished between the two alternative tests regarding disclosure of a confidential informant delineated in Roviaro. This court reiterated the principle that disclosure of a confidential informant is warranted under the first test under the Roviaro exception, "where the defendant asserted a legally recognized defense to the crime charged, supported that defense with sworn proof, and showed that the confidential informant was a material witness to this defense." Zamora, 534 So.2d at 868. This court further stated:
Out of an abundance of caution, the Florida courts have further held that where the defendant comes close to, but technically falls short of, establishing this first component of the Roviaro exception, the trial court is nonetheless required to order the state to produce the confidential informant for the court's in camera review to determine if the subject informant is a helpful witness to the defense being raised by the defendant.
State v. Zamora, 534 So.2d at 868.
Appellees' cases fall within the first test of the Roviaro exception analyzed in Zamora. Saavedra, Pautier, and Rivero have each raised legally recognized defenses. Each of the appellees' motions for disclosure of the confidential informant was supported by affidavit. The trial court, therefore, properly ordered an in camera review to determine if the confidential informant would be a helpful witness to the defenses being raised by the appellees. As the Second District Court of Appeal explained, "[t]he best procedure to insure that [the accused's] right to a fair trial is not abrogated while at the same time considering the state's interest in nondisclosure is to hold an in camera hearing." Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977) (relying on U.S. v. Fischer, 531 F.2d 783 (5th Cir.1976)), rev'd on other grounds, 357 So.2d 706 (Fla. 1978).
The focus of this opinion is on the trial court's sanction of dismissal for failure of the State to comply with an order to produce a confidential informant for an in camera review. The sanction of dismissal may be imposed where the failure of the State to comply with an order to produce a confidential informant, arises from the State's willful noncompliance, calculated official ignorance, or deliberate intentional *712 activity. See Zamora, 534 So.2d at 870; State v. Saldarriaga, 486 So.2d 683 (Fla. 3d DCA 1986). The State's failure to produce the confidential informant, in this case, although clearly negligent, does not rise to the gross level of willful or intentional disregard of a court order.
"Dismissal of an information or an indictment is `an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists.'" State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA) (quoting State v. Lowe, 398 So.2d 962, 963 (Fla. 4th DCA 1981)), review denied, 453 So.2d 45 (Fla. 1984); State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989). Clearly the trial court had viable alternatives to this most severe and harshest of sanctions.
The trial court could have: (1) ordered instanter a writ of bodily attachment of the confidential informant; (2) charged a continuance to the State;[2] (3) held an evidentiary hearing to determine the circumstances surrounding why the confidential informant could not be found; or (4) ordered the disclosure of the confidential informant without an in camera hearing.
To allow this dismissal would be to allow appellees to secure an acquittal before trial. It would be to allow appellees a maximum benefit without the minimum of an evidentiary hearing. It would disallow the State to find the immutable truth at trial. It would be unfair.
As an epilogue to this opinion, we restate that we hope this is an isolated example of prosecutorial indifference to court orders. If Themis, the goddess of law and justice, is truly blind, then she needs the forthright to respect and guide her. In our system, justice can be attained only if the lawyers who serve that great cause first respect it.
We reverse, remand, and reinstate.
NOTES
[1] On July 1, 1988, Pautier filed an affidavit swearing that the facts alleged in his motion were true and correct. Although Pautier's affidavit was filed after the trial court made its ruling, we will consider it as timely filed for purposes of this appeal.
[2] In this case, the speedy trial period would have run in five days. Thereafter, dismissal would have been proper unless the confidential informant were furnished.