PER CURIAM.
The State appeals from an order dismissing an information. For the following reasons, we reverse.
Israel Matos and a codefendant were charged with trafficking in cocaine. Ma-tos’ counsel subpoenaed the confidential informant for a deposition, scheduled to take place at the State Attorney’s office. The informant appeared as scheduled, but requested the presence of a State Attorney. The prosecutors handling the Matos case were in the middle of a trial and sought to have the deposition rescheduled. The State Attorney’s office contacted the Public Defender’s office, which represented Matos’ codefendant. Counsel for codefendant had no objection to rescheduling the deposition but did not inform the State Attorney’s office that she had not been the one who had subpoenaed the witness in the first place. When Matos’ counsel arrived to take the informant’s deposition, he discovered that the State Attorney’s office had sent the witness home. The witness has since disappeared; attempts to locate him have been unsuccessful.
Matos’ attorney filed a motion to compel the State to produce the witness. The trial court conducted an evidentiary hearing on the matter and ruled that dismissal of the information was the only sanction available to rectify what it viewed as the State’s discovery violation. The trial court found that the State was “solely and completely at fault in this matter and it was their intentional activity in dismissing the wit *1023 ness from subpoena which has led directly to the prejudice to the defendant.1
The trial court erred in dismissing the information. “The sanction of dismissal may be imposed where the failure of the State to comply with an order to produce a confidential informant arises from the State’s willful noncompliance, calculated official ignorance, or deliberate intentional activity.” State v. Pautier, 548 So.2d 709, 711-712 (Fla. 3d DCA 1989). The severe sanction of dismissal is not warranted here, as the State did not seek to prevent disclosure of the informant and because its conduct was not calculated to prevent the witness’ deposition. The record reveals that the State only sent the witness home after securing an agreement from the codefend-ant’s counsel to reschedule the deposition. Although the sequence of events shows that the State Attorney’s office made a mistake in contacting the codefendant’s lawyer instead of Matos’ lawyer, the mistake was clearly inadvertent. Moreover, the State cannot be charged here with the disappearance of the witness. See State v. Mena, 505 So.2d 681 (Fla. 3d DCA 1987) (dismissal of charges unwarranted where State had furnished name arid address of confidential informant; State could not be held responsible for defendant’s inability to procure the informer as defense witness).
Reversed and remanded for further proceedings.