FULMER, Acting Chief Judge.
The State appeals from an order dismissing an information as a sanction for the State’s failure to produce a confidential informant for an in camera examination. We reverse.
The State filed an information charging Seago with delivery of cocaine within 1000 feet of a school and possession of cocaine. Seago moved to compel disclosure of a confidential informant. On October 13, 1998, the trial court ordered the State to produce the confidential informant to the court for an in camera examination and indicated that it could take place that afternoon. On October 22, 1998, at a calendar call hearing, the trial court indicated that the informant had not yet been produced. The State advised the trial court that the officer who knew the identity and whereabouts of the informant had been “out of the loop” because of an injury and, therefore, additional time was needed. The trial court ordered that the informant be produced on or before November 24, 1998. Apparently, the informant was not produced on November 24, 1998, because on December 4, 1998, the trial court entered a sua sponte order reciting the failure to produce the informant and dismissing the case.
Once a defendant meets the initial burden of showing that disclosure of a confidential informant is relevant to a specific defense, the trial court is required to hold an in camera hearing to determine whether the informant in fact has helpful information. See McCray v. State, 730 So.2d 817 (Fla. 2d DCA 1999). Here, the trial court properly ordered the in camera inspection. However, when the informant was not produced, the trial court concluded that dismissal was the only viable sanction. We disagree.
The facts of this case are similar to those in State v. Pautier, 548 So.2d 709 (Fla. 3d DCA 1989), wherein the court discussed the sanction of dismissal for the State’s failure to produce a confidential informant for an in camera hearing. The court held that dismissal may be imposed “where the failure of the State to comply with an order to produce a confidential informant, arises from the State’s willful noncompliance, calculated official ignorance, or deliberate intentional activity.” Id. at 711-12. Dismissal “should only be had when no viable alternative exists.” Id. at 712 (quoting State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA 1984)). In reversing an order of dismissal in that case, the court listed four alternatives that were available to the trial court:
The trial court could have: (1) ordered instanter a writ of bodily attachment of the confidential informant; (2) charged a continuance to the State; (3) held an evidentiary hearing to determine the circumstances surrounding why the confidential informant could not be found; or (4) ordered the disclosure of the confidential informant without an in camera hearing.
Id. (footnote omitted). Here, the trial court failed to consider any alternatives to dismissal or to reconsider the sanction after the State learned of the dismissal and suggested to the trial court that the State should have been given time to correct the problem. Thus, following Pautier, we reverse and remand for the trial court to reinstate the information.
Reversed and remanded.
NORTHCUTT and GREEN, JJ„ Concur.