ON EMERGENCY MOTION FOR REVIEW OF DENIAL OF EXTENSION OF THE SPEEDY TRIAL PERIODS AND REQUEST FOR STAY
SORONDO, J.
Joseph Fiorentino, defendant, was arrested in August of 1999. In September of 1999, he was charged in a three count information with possession of cocaine, use or possession of drug paraphernalia, and trafficking in cannabis. In February of 2000, the trial court granted the defendant’s motion to suppress physical evidence. The order suppressed, among other things, over fifty pounds of cannabis. Ten days after the entry of the order the state filed a notice of appeal.
On February 22, 2000, the state filed a motion for order extending the speedy trial period citing exceptional circumstances, specifically, “an appeal by the state from an order suppressing physical evidence.” The trial court granted the motion and extended the speedy trial period for thirty days. On March 23, 2000, the state again moved for another extension which was denied. The state appeals.
Section 924.07(1)©, Florida Statutes (1999), provides that the “state may appeal from ... [a]n order or ruling suppressing evidence or evidence in limine at trial.” Additionally, rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure, provides:
The state may appeal an order suppressing before trial confessions, admissions, or evidence obtained by search and seizure.
It is therefore clear that the state has the right to appeal the suppression of the physical evidence in this case. This right is rendered meaningless if the speedy trial period provided by Rule 3.191, Florida Rules of Criminal Procedure, continues to run during the pendency of the appeal so as to require the defendant’s discharge upon remand even upon a reversal of the trial court’s suppression order. In order to avoid such a scenario Rule 3.191(i)(4) states:
The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured:
by written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including ... for appeals by the state....
In State v. Jenkins, 389 So.2d 971, 974 (Fla.1980), the Florida Supreme Court stated:
When the state files an interlocutory appeal or an appeal from a dismissal of an indictment or information, the state must request an extension of the speedy trial time period in accordance with rule 3.191(d)(2). In ruling on the request, the trial court’s only responsibility is to ensure that an extension does not violate the defendant’s constitutional right to a speedy trial pursuant to the standards set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The trial court should liberally allow requests for extension, and, when entering its order, it should provide a reasonable time period for the *6 state to proceed to trial upon completion of the appeal. The trial court should deny a request only when the defendant affirmatively shows that his right to a speedy trial under the Barker standards is constitutionally prejudiced by the extension.
(Emphasis added). See also State v. Barnett, 366 So.2d 411 (Fla.1978). The preparation of the record on appeal and the transcript of the evidentiary hearing in this' case will undoubtedly take some time. Thereafter, the merits of the case will have to be briefed by both sides and ultimately argued to and considered by this Court.
The defendant having made no showing of a violation of his federal constitutional right to a speedy trial, we conclude that the order denying the state’s motion to extend speedy trial was an abuse of discretion and is consequently reversed. We remand with instructions to grant the motion and enter an order extending the speedy trial period for ninety days beyond the lower court’s receipt of the final mandate of this Court in this appeal.
Reversed and remanded.