COPE, J.
(specially concurring).
Under the unique circumstances of this case, I concur that affirmance is in order. It is clear that the trial court intended its extension order to extend the speedy trial period until the State’s petition for writ of certiorari, filed in this court, was disposed of. Since that was the trial court’s interpretation of its own order, I conclude that there was no speedy trial violation.
I.
Defendant/appellant Theodore Dukes was charged with aggravated assault on a police officer, fleeing and attempting to elude a law enforcement officer, and resisting an officer without violence.
The defendant filed a notice of expiration of the speedy trial period. This triggered the window period. See Fla. R.Crim. P. 3.191(p)(3).
On the last day of the window period, the State filed a motion for extension of the speedy trial period on the ground that two essential police officers were not available to testify. One was on his honeymoon and the other was on medical leave. One was named as the victim in the aggravated assault charge and both were named as victims in the charge of resisting an officer. The court denied the continuance.
The State advised the court that it wished to file a petition for writ of certio-rari in this court. The State told the court that it would require fourteen days to prepare and file the petition.
The trial court granted an extension of the speedy trial period for fourteen days. *453 The court also ordered that thereafter the case would appear on the trial calendar from day to day until this court disposed of the petition for writ of certiorari. The court ruled that if the petition were denied, jury selection would begin immediately.
The State filed its petition for writ of certiorari on the fourteenth day. On the fifteenth day, the parties appeared before the court to advise the court of the status. At that time, the petition was pending in this court. Defense counsel objected to the trial court’s conducting any proceedings while the petition for writ of certiorari was pending, stating that the trial court had no jurisdiction. (R.141). Later the same day, this court denied the petition for writ of certiorari.
On the sixteenth day the defendant filed a motion for discharge, arguing that the speedy trial period had expired on the fourteenth day. The motion for discharge was denied. Upon learning that the petition for writ of certiorari had been denied, the court began jury selection immediately, and the case proceeded to trial. The defendant was convicted of fleeing and attempting to elude a law enforcement officer. He was acquitted of the remaining charges.
The defendant has appealed.
II.
Under established precedent, when the State desires an extension of the speedy trial period in order to allow it to seek appellate review, the motion should seek an extension (a) for the filing of the appellate proceeding, and (b) thereafter until such time as the appellate proceeding is disposed of. See State v. Jenkins, 389 So.2d 971, 974 (Fla.1980); State v. Barnett, 366 So.2d 411, 416 (Fla.1978).
The intent of the Barnett rule is to allow the trial court to retain a measure of control so as to prevent the filing of frivolous State appeals to frustrate the speedy trial rule. See Barnett, 366 So.2d at 415.
Thus as a general rule, if the State fails to request an extension of the speedy trial period to include the time that the appellate proceeding is pending, and if through such failure the speedy trial period expires, the defendant will be entitled to discharge — even though the proceeding was pending in the appellate court. See Jenkins, 389 So.2d at 976; Barnett, 366 So.2d at 417.
The defense argues that just such a scenario occurred here. The State filed its petition for writ of certiorari on the fourteenth day of the fourteen-day extension. The State did not specifically request an extension of time to include the time that the petition was pending in this court. The defense contends that the speedy trial period ended on the fourteenth day and that the defendant’s subsequent motion for discharge should have been granted.
While the defendant’s claim is a substantial one, I concur with the majority that affirmance is in order here. The trial court granted an extension of the speedy trial period for fourteen days on the clear understanding that the petition for writ of certiorari would be filed on the fourteenth day. If that is all that had happened in the case, then the speedy trial period would have expired and the motion for discharge would have been well taken under Jenkins and Barnett.
However, that is not all that happened in the case. The trial court scheduled a daily report on the status of the case while the petition for writ of certiorari was pending. Clearly the trial court interpreted its own extension order to mean that the speedy trial period would be extended for so long as the petition for writ of certiorari *454 remained pending in this court. If the trial court had intended for the speedy trial period to run out on the fourteenth day, then logically the defendant would be discharged on the fifteenth or sixteenth day, rather than having the parties appear for a daily report.
This court denied the petition for certio-rari on the fifteenth day. Under Florida Rule of Criminal Procedure 3.191(m), this court’s ruling triggered a ninety-day period in which to start the trial. The trial proceeded within the time period allowed by rule 3.191(m).
III.
For the stated reasons, I concur in the affirmance of the defendant’s conviction.